IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 22, 2002

## LISA ANNETTE DAVIS v. CHARLES LEE JENSEN

**Appeal from the Juvenile Court for Williamson County**
**No. 11501      Alfred Nations, Judge**

---

**No. M2001-00973-COA-R3-CV - Filed November 15, 2002**

---

Appellant, an incarcerated prisoner in the Department of Corrections of California, appeals the action of the Juvenile Court of Williamson County in terminating his parental rights to his biological child. He refused to participate in the termination hearing by means of telephonic communication as authorized by the trial court demanding, instead, that the trial court either continue the case until after his release from confinement, or have him transported from California to Williamson County for personal participation. The trial court held that he waived his right to participation in the termination proceedings and terminated his parental rights. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J. and PATRICIA J. COTTRELL, J., joined.

Deana C. Hood, Franklin, Tennessee, for the appellant, Charles Lee Jensen.

Thomas F. Bloom, Nashville, Tennessee, for the appellee, Lisa Annette Davis.

### OPINION

The scant record on appeal in this case is significant for what it does not reveal rather than for the limited amount of information contained therein.

Appellant, Charles Lee Jensen, and Appellee, Lisa Annette Davis, are parents of B.M.J., born in Davidson County, Tennessee out of wedlock on May 20, 1996. These parties executed, on May 20, 1996, a voluntary acknowledgment of paternity of the child pursuant to Tennessee Code Annotated sections 68-3-203(g), 68-3-302, and 68-3-305(b).

An order legitimating the child was entered in the Juvenile Court of Williamson County on June 4, 1996.

On July 17, 1996, Appellee, Lisa Annette Davis filed a petition for custody and child support and to set specific visitation in the juvenile court.

On August 22, 1996, an order was entered by the juvenile court granting Appellee custody of the male child, B.M.J., and reserving matters of child support and visitation with the order reflecting: "Mr. Jensen is presently incarcerated in the Williamson County Jail and was not present for this hearing."

On January 4, 1999, Appellee filed a petition to terminate the parental rights of Appellant, with the petition providing:

> 4. Petitioner states Defendant has an extensive criminal history and record and he is currently incarcerated at the Orange County Jail, 550 North Flower Street, Santa Anna, California 92703, and his inmate number is 1837569, pending charges of aggravated assault. Petitioner further alleges based on information and belief that Defendant also has outstanding warrants pending against him in Davidson County, Tennessee for failure to appear on two (2) charges and a capias is outstanding. Petitioner understands that Defendant has violated his probation in Williamson County and Davidson County, Tennessee.
>
> 5. Petitioner seeks to terminate the parental rights of Defendant and this petition shall have the effect of forever severing all of the rights, responsibilities and obligations of Defendant to the minor child who is the subject of this petition, and of the child to his father.
>
> 6. Petitioner states Defendant has not had any contact with the minor child since December of 1997.
>
> 7. Petitioner states Defendant has never paid any child support for the benefit of the minor child, as shown by the affidavit attached hereto and incorporated herein as Exhibit A.
>
> 8. That termination of Defendant's parental rights is in the best interest of the minor child.
>
> PREMISES CONSIDERED, PETITIONER PRAYS:
>
> 1. That proper process issue and be served on Defendant, Charles Lee Jensen, requiring him to appear and answer this petition, but not under oath, his oath to his answer being expressly waived.
>
> 2. That at the hearing of this cause, the Court determine that the grounds for termination of Defendant's parental rights have been established and an Order be issued severing all of the rights, responsibilities and obligations of Defendant to the minor child and of the child to his father.
>
> 3. That the minor child's name be changed to [B.M.D.].
>
> 4. For such other, further and general relief as to which Petitioner may be entitled.

On February 4, 1999, Appellant addressed a hand written letter to the Clerk of the Juvenile Court of Williamson County, acknowledging receipt of the summons to appear before the juvenile court at 9:00 a.m. on March 4, 1999. This letter provided:

I have received the summons from juvenile court to appear in your court on the 4th day of March 1999 at 9:00 a.m. I do want to be there. I am contesting the petition to terminate any of my rights for any reason. I am incarcerated and need your office to send extradition papers to assure my appearance in your court on the above said date if you please. This is a most important matter to me and my son Ms. Bennett and I and he would appreciate all your help in this matter. I do love my son very much, and am willing to do whatever necessary to be a good father and provider to him. He means the world to me, and I do love him with all my heart. I just need to tie up a few lo[o]se ends Ms. Bennett and things will be fine. I will cooperate to my best ability. I would appreciate your help mam very very much. I and my family are very concerned about this important matter.

A hearing was apparently held in the juvenile court on March 4, 1999, with an order of the juvenile court entered March 10, 1999 acknowledging the incarceration of Appellant and finding:

[U]pon proof introduced and the entire record, the Judge finds that the case should be continued to permit the Court to investigate the matter of attorney appointment for the said child's father, Charles Jensen, as Mr. Jensen is unable to be present in Court as he is incarcerated in California, and Mr. Jens[e]n wrote the Court a letter stating his protest as to the Petition to Terminate Parental Rights. Said Child's mother/ petitioner, Lisa Davis, and her attorney, Wm. Don Young, were present in Court on this date.
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this matter shall be reset by the Youth Service Officer within the Court's investigation into this matter is complete.

By order of June 11, 1999, pursuant to Tennessee Code Annotated section 40-14-206 and Rule 13 of the Tennessee Supreme Court Rules, Honorable Mary Catherine Kelly was appointed to represent Appellant in these proceedings.

On October 20, 1999, Appellee, through her attorney, filed a motion to set this case for final hearing.

On September 1, 2000, Appellant addressed a letter to the juvenile judge protesting any action to terminate his parental rights and further asserting:

I was rooked out of my custody of [B.M.J.]; and I am going to fight for that custody back as soon as I get out sir. I am in San Quentin State Prison, my out date is 5/29/01. I will get a travel pass from my P.O. as soon as I can to take care of this

matter <u>in person</u>. I am sending with this letter a copy of my Legal Status Summary with my out date sir. Mary Kelly; the attorney that the court has appointed me is a very nice lady sir and is doing everything she can to help me and I know that you are to[o] sir. I truly appreciate everything ya'll are doing to protect my rights sir. I know that the Federal law protects my parental rights as well sir. I also know Mr. Don Young, and how he operates. I have the Federal <u>and</u> State law, (with an attorney) to clear that up when I get out of prison.

. . . .

But, <u>I do want my son in my life when I get out of prison</u> and back on my feet sir. I have never been served any type of child support papers or anything like that and I do know that the law states a due-process for custody & rights sir. Mine have been violated to the fullest and I want (by the law) everything returned to me.

. . . .

I'm closing sir I am asking you to postpone this matter of my parental rights until I can be the[re] <u>in person</u>. And I know that I will be the[re] sir as soon as I get out of San Quentin State Prison. And I will further study the law on this matter, and custody matter and not wa[ste] the court's time, or disrespect the court in <u>any way</u>.

On September 28, 2000, attorney Mary Catherine Kelly filed a Motion for Instruction in the trial court asserting:

1) Undersigned counsel has had numerous telephone conversations with the defendant, Charles Lee Jensen, and counselors at San Quentin State Prison, where it has become clear that Mr. Jensen will not voluntarily participate in a telephone deposition or testimony in connection with this matter.

2) Mr. Jensen has stated to undersigned counsel that he has been communicating with attorneys for San Quentin State Prison who have advised him that he is under no legal obligation to respond to the State of Tennessee's requests to handle this matter in a manner other than by personal appearance.

3) Mr. Jensen has provided undersigned counsel with documentation (a copy of which is attached hereto), which gives an estimated time of release from San Quentin State Prison as being Spring, 2001. Mr. Jensen has stated that at that time, he will return to Williamson County to face pending charges and that he wishes to appear before the Court to address the issues of the Petition for Termination of Parental Rights.

-4-

4)     In response to undersigned counsel's instructions to Mr. Jensen that he is not permitted to have direct communications with the court ex-parte, he has forwarded a letter directed to The Honorable Alfred Nations, a copy of which is attached hereto.

Also, on September 28, 2000, attorney Mary Catherine Kelly filed a Motion to Withdraw as counsel for Appellant asserting:

1.     Defendant, Charles Lee Jensen, has advised undersigned counsel that he has a clear direction that he intends to follow in this matter, contrary to the advice of his counsel, and would therefore, be better served by counsel of his own choice.
2.     Defendant's letter to the Honorable Alfred Nations is further evidence of the above.

On October 19, 2000, the trial court entered an order following an October 12, 2000 hearing with the court holding:

[U]pon proof introduced and the entire record, the Judge finds that said child's mother, Lisa Annette Davis, was before the Court represented by Wm. Don Young, Attorney at Law. Said child's father, Charles Lee Jens[e]n, was not present as he is currently incarcerated in California, but his attorney, Mary C. Kell[y], was present upon her Motion for Instruction and Motion to Withdraw as Attorney. The Court found that the Motion to Withdraw as Attorney should be taken under advisement and that the Motion for Instruction should be granted.

On February 2, 2001, the trial court entered another order approved for entry by counsel for both parties holding:

This matter came on to be heard on the 12th day of October, 2000, before the Honorable Al Nations, Judge, upon the Motion For Instruction and Motion To Withdraw filed by attorney for Respondent and the attachments thereto and the Motion to Set filed by counsel for Petitioner and statement and argument of counsel, the Court is of the opinion that Respondent should be given the opportunity to appear before the Court by telephone conference call with either his Court appointed attorney present with him in California or present in Court and if Respondent does not respond to the Court in writing indicating his desire to either appear with his attorney present with him in California or present in Court, then the Court will take his failure to respond as a waiver of his right to appear by telephone and will proceed to conduct a hearing without the Respondent. The matter of allowing the Court appointed counsel to withdraw is taken under advisement.
It is therefore, ORDERED, ADJUDGED AND DECREED Respondent shall be given the opportunity to appear before the Court by telephone conference call with

either his Court appointed attorney present with him in California or present in Court. If Respondent does not respond to the Court in writing indicating his desire to either appear with his attorney present with him in California or present in Court, the Court will take his failure to respond as a waiver of his right to appear by telephone and will proceed to conduct a hearing without the Respondent.

It is further ORDERED, ADJUDGED AND DECREED the matter of allowing the Court appointed counsel to withdraw is taken under advisement.

On March 27, 2001, the trial court entered an order setting the case for hearing at 9:00 a.m. on April 5, 2001.

On March 29, 2001, counsel for Appellant filed a Motion to Continue the case asserting that ". . . Defendant has requested that he be present at said hearing and that he will be released from San Quentin State Prison on May 31, 2001."

On April 10, 2001, the trial court entered an order terminating the parental rights of Charles Lee Jensen holding:

This matter came on to be heard on the 5th day of April, 2001, before the Honorable Al Nations, Judge, upon the Petition to Terminate Parental Rights filed on behalf of Petitioner, Motion for Continuance filed by Respondent, statement of counsel for the respective parties, testimony of the Petitioner, and the record as a whole, from all of which the Court finds that Respondent waived his right to appear at the hearing of this cause by either telephone conference call with his Court appointed attorney present in Court or to have his attorney sent to California to be present with him for this hearing, and, therefore, his Motion for Continuance is denied. Additionally, the Court finds that Petitioner has shown by clear and convincing evidence that Respondent has failed to support the minor child at any time during its life and failed to visit with the minor child since the child was seven months old, and, therefore, the Court declares the minor child to be abandoned by Respondent. Further, the Court finds that Respondent has failed to establish any meaningful relationship with the minor child and that Respondent has made threats of violence toward Petitioner/Mother and Petitioner's family and, therefore, the Court finds that termination of Respondent's parental rights is in the best interest of the minor child. Finally, the Court instructed attorney for Respondent to explain the effect of the order of the Court to Respondent and all of his appellate rights.

It is, therefore, ORDERED, ADJUDGED AND DECREED the Motion for continuance filed by Respondent shall be, and is, hereby denied.

It is further ORDERED, ADJUDGED AND DECREED the minor child, [B.M.J.], shall be, and is, hereby declared abandoned by Respondent.

It is further ORDERED, ADJUDGED AND DECREED that all parental rights and responsibilities of Respondent with respect to the child, [B.M.J.], shall be, and are, hereby fully and forever terminated.

It is further ORDERED, ADJUDGED AND DECREED this Order shall have the effect of terminating all the rights and responsibilities and obligations of Respondent to the child, [B.M.J.], and of the child to Respondent arising from the parental relationship.

It is further ORDERED, ADJUDGED AND DECREED the minor child's name shall be, and is, hereby changed to [B.M.D.].

Timely notice of appeal was filed and on May 2, 2001, Attorney Mary Catherine Kelly was allowed to withdraw as counsel for Appellant and Attorney Deana Hood was appointed to represent him on appeal.

The record on appeal consists of the T.R.A.P. Rule 24(a) record only. No T.R.A.P. Rule 24(b) transcript of the evidence is filed. No T.R.A.P. Rule 24(c) statement of the evidence is filed. No T.R.A.P. Rule 24(d) notice by Appellant that no transcript of the evidence or statement of the evidence is to be filed appears in the record.

We are confronted with the same problem as that in *Sherrod v. Wix*, 849 S.W.2d 780 (Tenn. Ct. App. 1992).

> Our ability to deal with this issue is hampered by the absence of either a transcript of the proceedings in the trial court or a statement of the evidence prepared in accordance with Tenn. R. App. P. 24(c).
> When a trial court decides a case without a jury, it's findings of fact are presumed to be correct unless the evidence in the record preponderates against them. Tenn. R. App. P. 13(d). This court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings. *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1987); *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn. Ct. App. 1988).

*Wix*, 849 S.W.2d 780, 783.

This Court has held:

> The appellant bears the burden of showing that the evidence presented below preponderates against the trial court's judgment. *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992). To this end, the Tennessee Rules of Appellate Procedure require the appellant to prepare "a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bas[i]s of appeal." Tenn. R. App. P. 24(b); *see also Johnson v. Hardin*, 926 S.W.2d 236, 239 (Tenn. 1996); *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997). In the absence of

a transcript or statement of the evidence, a presumption arises that the parties presented sufficient evidence to support the trial court's judgment, and this court will affirm the judgment. *Coakley*, 840 S.W.2d at 370; *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1988).

Inasmuch as the record in this case failed to include a complete transcript of the hearing on Rodell's motion, we are unable to determine whether, based upon the evidence before it, the trial court erred in finding that Turner was in "willful contempt" due to his "failure to comply with the [court's] orders." Under these circumstances, Turner has failed to meet his burden of showing that the evidence preponderates against the trial court's judgment, and this issue does not provide a basis for this court to reverse the judgment on appeal.

*Manufactures Consol. Service v. Rodell*, 42 S.W.3d 846, 865 (Tenn. Ct. App. 2000).

The termination of parental rights hearing was held on April 5, 2001. Prior thereto, the incarcerated Appellant was informed by his appointed counsel that the termination hearing was set for April 5, 2001. Tennessee Code Annotated section 36-1-113(f) provides:

(f) Before terminating the rights of any parent or guardian who is incarcerated or who was incarcerated at the time of an action or proceeding is initiated, it must be affirmatively shown to the court that such incarcerated parent or guardian received actual notice of the following:

(1) The time and place of the hearing to terminate parental rights;

(2) That the hearing will determine whether the rights of the incarcerated parent or guardian should be terminated;

(3) That the incarcerated parent or guardian has the right to participate in the hearing and contest the allegation that the rights of the incarcerated parent or guardian should be terminated, and, at the discretion of the court, such participation may be achieved through personal appearance, teleconference, telecommunication or other means deemed by the court to be appropriate under the circumstances;

(4) That if the incarcerated parent or guardian wishes to participate in the hearing and contest the allegation, such parent or guardian:

(A) If indigent, will be provided with a court-appointed attorney to assist the parent or guardian in contesting the allegation; and

(B) Shall have the right to perpetuate such person's testimony or that of any witness by means of depositions or interrogatories as provided by the Tennessee Rules of Civil Procedure; and

(5) If, by means of a signed waiver, the court determines that the incarcerated parent or guardian has voluntarily waived the right to participate in the hearing and contest the allegation, or if such parent or guardian takes no action after receiving notice of such rights, the court may proceed with such action without the parent's or guardian's participation.

The trial court determined, in its discretion, to proceed with the termination of parental rights hearing with the incarcerated Defendant participating by teleconference and telecommunications. The trial court further offered the services of court-appointed counsel, either by telephone or by having his court-appointed counsel sent to California, to be personally with Defendant during telecommunications participation in the termination hearing. Against the advice of his attorney, Defendant refused to participate in such hearing by telephone conference and telecommunication, insisting that he had a right to be personally present for the hearing. Because of such refusal to participate, the trial court found that Defendant had waived his right to participate and proceeded with the termination hearing and determined from the evidence presented that clear and convincing evidence justified termination of parental rights on the grounds of abandonment and non-support.

The procedure allowed by Tennessee Code Annotated section 36-1-113(f) has survived constitutional due process attack and use thereof rests in the sound discretion of the trial court. *State of Tennessee, Dep't of Children's Servs. v. Winifred Lynn Moss*, 1998 WL 122716 (Tenn. Ct. App. 1998); *Tolbert v. Tolbert*, 1994 WL 705230 (Tenn. Ct. App. 1994); *In the matter of Perry*, 2001 WL 277988 (Tenn. Ct. App. 2001).

The trial court having in its discretion chosen this statutorily authorized method of Defendant participation in the termination hearing, and Defendant having, against the advice of his court-appointed attorney, refused to so participate we agree with the trial court that he has waived his right to participate in the termination hearing.

Without a transcript of the evidence or a statement of the evidence we can only presume that the evidence heard by the trial court was sufficient to establish, by clear and convincing evidence, that Defendant had abandoned the child by willful failure to support the child or visit with the child as was held by the trial court.

Judgment of the trial court is in all respects affirmed. Costs are assessed against Appellant.

_____
WILLIAM B. CAIN, JUDGE