Eric **COAKLEY**, as Father and Next of Kin of Sylvia K. Coakley, Plaintiff–Appellee,

v.

Robert **DANIELS**, a/k/a Bobby Daniels, Defendant–Appellant.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Feb. 28, 1992.

Application for Permission to Appeal Denied by Supreme Court July 6, 1992.

Larry L. Roberts, Martha C. Wherry, Roberts and Associates, Nashville, for plaintiff-appellee.

Robert Daniels, a/k/a Bobby Daniels, pro se.

## OPINION

LEWIS, Judge.

Defendant Robert Daniels has appealed from the judgment rendered against him of $750,000.00 compensatory damages and $150,000.00 punitive damages following a bench trial.

Plaintiff Eric Coakley, as father and next kin of Sylvia K. Coakley, filed a complaint alleging the wrongful death of his daughter Sylvia K. Coakley in that defendant Robert Daniels, at approximately 3:00 a.m on 16 August 1988, came to the home of Sylvia K. Coakley with a concealed loaded pistol on his person and "without provocation or warning" fired three or four "bullets from the pistol into the person of the said Sylvia K. Coakley, thereby wrongfully taking her life." and that the defendant's actions were "done intentionally, maliciously, and with premeditation." The plaintiff sought $2,000,000.00 compensatory and $2,000,000.00 punitive damages for the wrongful death of his daughter.

We quote from the statement of "facts" set out in the defendant-appellant's brief.

It is undisputed that Bobby Daniels was Indicted, and tried for First Degree Murder of his ex-wife, Sylvia K. Coakley. A Criminal jury found Mr. Daniels guilty of Second Degree Murder.

Mr. Daniels was initially represented in this Civil Action by the Honorable Larry Crain, Esq. and upon Mr. Crain relocating his law practice to Washington, D.C., counsel for Daniels sought and received permission to Withdraw. Counsel actually withdrew, with the Courts permission during January 1990, but Daniels did not request appointment of counsel until August 1990.

Mr. Daniels vigorously sought pro bono legal representation after Mr. Crain's withdrawal and Mr. Joe Binkley, Sr.[1] attempted to seek a continuance in this case on July 13, 1990, to afford Mr. Daniel additional time.

However, the trial court denied the motion and entered a default judgment against defendant Daniels and ordered that the cause be set for hearing for damages *ex parte.*

Shortly thereafter, the trial court appointed Mr. Earl Roberts of the Davidson County Bar to represent defendant Daniels, but Mr. Roberts subsequently was allowed to withdraw as counsel. Thereafter, the trial court appointed Mr. Frank Mondelli who represented defendant Daniels through the damages portion of the trial.

On 4 February 1991, the court held the hearing on damages and determined that plaintiff was entitled to $750,000.00 compensatory damages and $150,000.00 punitive damages. On 20 February 1991, the trial court entered the judgment and, on 19 March 1991, granted Mr. Mondelli's motion to withdraw as counsel for defendant Daniels.

■ Defendant's first issue is: "Did the Trial Court abuse its discretion in refusing to grant a continuance when pro bono defense counsel requested such, in order to adequately familiarize himself with the case?"

There is nothing in this record to show that trial counsel requested a continuance on 13 July 1990 so that he could familiarize himself with the case. The statement of the evidence shows that on 13 July 1990, the defendant's criminal defense attorney, Mr. Joe Binkley, Sr. of the Nashville Bar, appeared with defendant and requested a continuance so that the defendant could retain civil counsel to replace Mr. Crain who had withdrawn in January 1990. Mr. Binkley specifically stated to the court that he did not represent the defendant in this suit.

The defendant also states in his brief "that the trial court abused its discretion in denying his request since his previous Court appointed counsel had withdrawn due to a conflict between Daniels and counsel." The record shows that defendant's privately retained counsel, Mr. Crain, had withdrawn. The court had not yet appointed counsel for defendant on 13 July 1990. This Court is unaware of any case law, statute, or any provision of the United States Constitution, or the Tennessee Constitution, which mandates that the trial court appoint counsel for indigent defendants in civil matters.

Moreover, the order of the court allowing Mr. Crain to withdraw stated that defendant has until February 8, 1990 to retain new counsel. Plaintiff's motion to strike defendant's answer and enter a default judgment was not heard until some five months later.

Defendant Daniels relies on *Fidelity–Phenix Fire Insurance Co. v. Oliver,* 25 Tenn.App. 114, 152 S.W.2d 254 (1941). We are of the opinion that *Oliver* is inapposite to the facts of the instant case. In *Oliver,* the case had been set for trial on July 25 when counsel for the insurance company withdrew from the case. 25 Tenn.App. at 116, 152 S.W.2d at 256. The insurance company retained new defense counsel who attempted to get an agreement from plaintiff's counsel for a continuance but was

---

**1.** Mr. Binkley represented defendant Robert Daniels in his criminal trial but never actually represented him in the instant civil action.

unable to do so. 25 Tenn.App. at 116, 152 S.W.2d at 256. When new defense counsel arrived for trial on July 25 in Marshall County, he was informed that a default judgment had been entered on July 23. 25 Tenn.App. at 116–17, 152 S.W.2d at 256. The trial court, without informing defense counsel, had shortened the continuance time by two days from July 25 to July 23 and entered default judgment on July 23. The trial court denied defendant's motion to set aside the default and for a new trial. 25 Tenn.App. at 117–18, 152 S.W.2d at 257. On appeal, this Court reversed the trial court, set aside the default judgment, and remanded for a trial on the merits. 25 Tenn.App. at 119–20, 152 S.W.2d at 258.

In the instant case the trial court had heard and entered the default judgment and the defendant had filed his motion to set aside the default judgment *after* the expiration of time that the trial court had granted defendant to obtain new counsel. In *Oliver*, the defendant had a meritorious defense to the plaintiff's action. In this case defendant admits in his brief that liability was admitted and the hearing was for damages only. Here, by the date of the hearing for assessment of damages, defendant had been convicted of second degree murder in the death of Sylvia K. Coakley and sentenced to a term of imprisonment of thirty-five years.

Trial courts have wide discretion in granting or denying continuances but a trial court must exercise that discretion in an efficient manner. The prime factor in considering a continuance is the age of the cause of action. *Tsesmelys v. Dublin Truck Leasing Corp.*, 78 F.R.D. 181, 186 (E.D.Tenn.1976). In this case trial was set and continued on five separate occasions before a bench trial was had on 4 February 1991, some two and one-half years after the cause of action arose. Here, the defendant had ample time to secure counsel of his choice. We have reviewed *Stone v. Morris*, 546 F.2d 730 (7th Cir.1976), relied on by defendant and find that it is likewise inapposite to the facts of this case. Defendant's first issue is without merit.

Defendant's second issue is: "Did the Trial Court err in not considering the legitimate and well recognized deductions of the deceased['s] living expenses, and personal habits?"

From the record before us we are unable to determine if the trial court did in fact consider the decedent's living expenses and personal habits. The only reference to living expenses found in the statement of the evidence approved by the trial court was that defendant's counsel did not offer any evidence of Sylvia K. Coakley's living expenses.

■ This issue is fact-based. Where the issues raised go to the evidence, there must be a transcript. In the absence of a transcript of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment. *McKinney v. Educator and Executive Insurers, Inc.*, 569 S.W.2d 829, 832 (Tenn.App.1977). This rule likewise applies where there is a statement of the evidence which is incomplete. The burden is upon the appellant to show that the evidence preponderates against the judgment of the trial court. *Capital City Bank v. Baker*, 59 Tenn.App. 477, 493, 442 S.W.2d 259, 266 (1969). The burden is likewise on the appellant to provide the Court with a transcript of the evidence or a statement of the evidence from which this Court can determine if the evidence does preponderate for or against the findings of the trial court. The appellant has failed to carry this burden. This issue is without merit.

■ Appellant's third issue is: "Did the Trial Court violate defendant's constitutionally mandated protection from Double Jeopardy, as prescribed in the U.S. Constitutional 5th Amendment and State of Tennessee Constitution, Article 1, Section 10, when the court imposed "Punitive" damages?"

Defendant has cited several cases that are inapposite to the facts of this case. The majority rule in the United States and the rule adopted in this state is:

Recovery of exemplary or punitive damages will not be denied merely because the wrongful act upon which the action is based may be or has been punished criminally.... the allowance of punitive damages in such cases does not violate constitutional guaranties that no person shall be twice put in jeopardy for the same offense.

22 Am.Jur.2d *Damages* § 757 (1988). *See Hansen v. Johns–Manville Products Corp.*, 734 F.2d 1036 (5th Cir.1984); *Pratt v. Duck*, 28 Tenn.App. 502, 191 S.W.2d 562 (1945).

The award of punitive damages in this case is not a violation of the 5th Amendment of the United States Constitution or of Article 1, Section 10, of the Constitution of the State of Tennessee. This issue is without merit.

Defendant's fourth issue is: "Did the trial Court err when it denied defendant's Motion to disqualify counsel for plaintiff?"

Defendant cites and relies on DR 5–102, Tennessee Code of Professional Responsibility, which provides as follows:

(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4).

(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.

■ Mr. Larry Roberts, plaintiff's counsel in this case, did not testify in the instant suit, but was called as a witness in the criminal prosecution. The purpose of DR 5–102 is not to protect adversaries from the opposing party's attorney but is to protect the attorney's client in the event his attorney's testimony is needed at trial.

■ The defendant has cited cases which are inapposite to the instant case. In *State v. Webster*, 688 S.W.2d 460 (Tenn.Crim. App.1984), a motion for a new trial was filed on behalf of the defendant in which the trial attorney stated he was ineffective because he believed he should have testified on behalf of his client. *Id.* at 462. The Court of Criminal Appeals was not swayed by the defense attorney's affidavit and affirmed the trial court's denial of a new trial. *Id.* at 463. In *In Re Buchanan*, 25 B.R. 162, (Brtcy.E.D.Tenn.1982), two attorneys from the same law firm represented parties with adverse interests. This case is clearly inapposite to the case at bar. This issue is without merit.

■ Defendant's fifth issue is: "Did the trial court err in denying defendant's Motion to deny exhibits listed in Rule 22 brief?"

Plaintiff sought punitive damages. The burden was upon the plaintiff to show that the defendant's acts were premeditated and that he acted in a malicious and intentional manner. The exhibits in this case had more probative value than prejudicial value in aiding the trial court in determining whether the plaintiff was entitled to punitive damages.

The defendant's reliance upon *McDaniel v. Mulvihill*, 196 Tenn. 41, 263 S.W.2d 759 (1953), is misplaced. *McDaniel* involved conflicts of laws issues concerning the statute of limitations on wrongful death actions in Mississippi and Tennessee. *McDaniel* is inapposite to the issues in this case. Defendant has failed to carry his appellate burden of showing that the exhibits "inflamed the passions of the trial judge."

Tennessee Rule of Appellate Procedure 36(b) provides: "A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process." Tenn.

R.App.P. 36(b). Considering the whole record in this case, even if it were error to consider the exhibits complained of by defendant, there is no showing that the error in allowing the exhibits involved a substantial right which more probably than not affected the judgment or resulted in prejudice to the judicial process. This issue is without merit.

Defendant's sixth issue is: "Did the Defendant have Effective Assistance of Counsel?"

Defendant insists that his counsel did not provide effective assistance in defending the lawsuit and offered only a "token" defense. Assistance of counsel provided by the Sixth Amendment to the United States Constitution pertains to criminal matters and not to civil matters. Whether or not defendant's counsel was effective is not a proper issue in this civil suit.

Additionally, defendant provides this Court with no citation to the record or documentation regarding the adequacy of defense counsel's representation. We find no inadequacy demonstrated in the record before us. In any event, we are of the opinion that defendant's counsel did much to mitigate damages when taking into account that the original lawsuit was for Two Million Dollars punitive and Two Million Dollars compensatory damages and resulted in a judgment of $750,000.00 in compensatory damages and $150,000.00 in punitive damages. This issue is without merit.

Plaintiff-appellee has presented one issue that "[t]he trial court erred in awarding only $150,000.00 in punitive damages to the plaintiff."

Punitive damages are awarded to "punish a defendant for his wrongful conduct and to deter others from similar conduct in the future.... Such damages relate to the nature of the defendant's actions in inflicting or causing the injury rather than to the extent of injury that results." *Hutchison v. Pyburn*, 567 S.W.2d 762, 764 (Tenn.App. 1977).

The trier of fact in its discretion may award punitive or exemplary damages in addition to compensatory damages in tort cases where the defendant has acted fraudulently, maliciously, oppressively, or with gross negligence. *Booth v. Kirk*, 53 Tenn.App. 139, 149, 381 S.W.2d 312, 317 (1963).

The amount to be awarded in personal injury cases rests largely in the discretion of the trier of fact. *Shell Oil Co. v. Blanks*, 46 Tenn.App. 539, 548, 330 S.W.2d 569, 573 (1959). The amount allowable as damages for personal injuries in tort actions are not measured by fixed rules of law, but rest largely in the discretion of the trier of fact and is entitled to great weight in the appellate courts in the absence of a showing of fraud or corruption. *Blalock v. Temple*, 38 Tenn.App. 463, 470, 276 S.W.2d 493, 497 (1954). The amount allowable as compensation for personal injuries are not measured by fixed rules of law, but rest largely in the discretion of the trier of fact and damages in personal injury cases will not be disturbed on appeal unless amounts fixed are so excessive as to indicate passion, prejudice and caprice on the part of the trier of fact. *Finks v. Gillum*, 38 Tenn.App. 304, 319–20, 273 S.W.2d 722, 730 (1954).

We are of the opinion, after a review of this record, that the trial court did not abuse its discretion in setting the amount of punitive damages. This issue is without merit.

This Court has been hampered in its review of this case in consideration of the issues raised by the defendant because of the meager statement of the evidence. If the trial court had adopted *in toto* the defendant's statement of the evidence, it would not have been of any more help since defendant's statement of the evidence is almost totally a recitation of proceedings which are contained in the technical record. Following our review of this record, we are of the opinion that the defendant has failed to carry his appellate burden of showing that the evidence preponderates against the determination of the trial court.

We therefore affirm the judgment of the trial court and remand the cause to the trial court for the collection of costs which

are assessed to the defendant-appellant, and for any further necessary proceedings.

TODD, P.J., and CANTRELL, J., concur.