IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 15, 2002

# IN RE: WILLIAM HARRIS EPPS

**Appeal from the Chancery Court for Montgomery County**
**No. 98-03-0067     Carol Catalano, Chancellor**

---

**No. M2001-01336-COA-R3-CV - Filed July 16, 2002**

---

The conservators and sons of Mr. Epps appeal the trial court's decision to award to Mr. Epps's wife one-third of the proceeds from the sale of a house owned by Mr. Epps but used as the marital residence during the marriage of over ten years. We affirm the decision of the trial court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM C. KOCH, JR., J., joined.

Van L. Riggins, Jr., Clarksville, Tennessee, for the appellant, William Harris Epps.

Dorris Fay Epps, appellee, not represented on appeal.

**MEMORANDUM OPINION**[1]

The issue in this appeal is whether the trial court erred in granting a portion of the proceeds from the sale of the ward's real property to his spouse. Mr. Epps, the ward, suffered a stroke and encountered other serious health problems which rendered him unable to care for himself or his property. Consequently, a conservatorship was established.

---

[1]Tenn. R. Ct. App. 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Mr. Epps's wife, Doris Faye Epps, was appointed Conservator and authorized to use Mr. Epps's social security and retirement benefits for his ordinary expenses. A later order authorized the Conservator to withdraw regular amounts monthly from Mr. Epps's assets for his care. Later, the spouse was removed as conservator and was replaced by the sons. Subsequently, the sons moved for permission to sell Mr. Epps's real estate because his other assets had been depleted and the proceeds from the sale were needed to cover the cost of his care and ordinary expenses.

The wife responded by saying she was still residing in the home the conservators wanted to sell, that she had been married to Mr. Epps in excess of ten years, and that prior to the marriage she had owned real property which she sold and the proceeds of which were used during the marriage, in part, to enhance and maintain the value of the home the conservators wanted to sell. Although she agreed that sale of the real property was in Mr. Epps's best interest, she claimed an equitable interest in the home and requested the court to recognize that interest and to make any sale subject to her receiving proceeds representative of her interest. By later motion, the wife asserted that she had been ejected from the home and requested the court to order the conservators to account for rent received.

After a hearing, the trial court entered an order finding that Mr. and Mrs. Epps had been married since 1987. The court further found:

1.  It is significant that shortly after the parties married, Dorris Epps sold a home that she had owned in her own name and received proceeds therefrom of approximately Thirty-Two Thousand Dollars;

2.  It is significant that Dorris Epps spent some of her money on the home belonging to William Harris Epps;

3.  It is significant that some of the expenditures that Dorris Epps made did not increase the value of the home of William Harris Epps but some expenditures did increase or maintain the value of that home;

4.  It is significant that William Harris Epps has a Last Will and Testament wherein he leaves a life estate in the property for Dorris Epps showing an intention to take care of Dorris Epps.

5.  It is not significant that Dorris Epps expended monies for health care of William Harris Epps because that is an obligation between spouses that is normal and ordinary.

6.  It is significant that William Harris Epps has had a stroke and his health has declined to the point that he is disabled.

The court granted the motion to sell the real property and ordered that one-third of the proceeds be paid to Mrs. Epps.

The sons, as conservators, appealed on behalf of the ward. Mrs. Epps did not respond, and the matter was submitted for decision on the record and the appellants' brief. The record on appeal does not include a transcript of the hearing or a statement of the evidence. Appellants state "inasmuch as this case did not involve the taking of testimony, therefore, the pleadings and filings in this cause demonstrate both the statement of the case and the facts."

Without a transcript or statement of the evidence, the findings of fact made by the trial court are conclusive on appeal. In the absence of an appellate record containing facts, this court must presume that "the record, had it been preserved, would have contained sufficient evidence to support the trial court's findings." *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992); *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992). The appellants do not take issue with the factual findings, but argue that the Tennessee conservatorship statutes do not authorize division of the property and that Mrs. Epps has no recognizable legal interest in the real property (i.e., it was not titled jointly; there is no divorce action pending to authorize distribution of the parties' property).

The conservatorship statutes vest the trial court with the wide discretion it needs to ensure that persons unable to take care of themselves or their affairs are properly cared for. *State ex rel. McCormick v. Burson*, 894 S.W.2d 739, 745 (Tenn. Ct. App. 1994); *see also* Tenn. Code Ann. § 24-1-121.

Tenn. Code Ann. § 34-3-109 provides, "The court having jurisdiction over the disabled person may establish the amount of financial support to which the spouse or dependent minor children are entitled." This statute gives the court wide discretion in this area. Accordingly, we will we review a decision of the trial court awarding support to the spouse of a ward using an abuse of discretion standard. Under that standard:

> a trial court's ruling "will be upheld so long as reasonable minds can disagree as to propriety of the decision made." *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000); *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn. 2000). A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999). The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998).

*Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

With the sale of the marital residence, Mrs. Epps is no longer able to live in the home she shared with her husband during their marriage. She no longer owns the home she owned prior to

the marriage.  She is, therefore, in need of some support to enable her to meet her living needs.  In view of all the circumstances as found by the court, we are of the opinion that the decision of the trial

court is an equitable accommodation of the needs of the ward and those of his spouse. The trial court acted within its discretion, and we affirm the judgment.

Costs on appeal are taxed to the appellants, the conservators of William Harris Epps.

_____
PATRICIA J. COTTRELL, JUDGE