IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief July 23, 2002

## ROY ERNEST YOUNG v. JOYLEE MAYHEW

**Direct Appeal from the Juvenile Court for Hardin County**
**No. J12, 075     Daniel L. Smith, Judge**

---

**No. W2002-00185-COA-R3-JV - Filed September 13, 2002**

---

This is an appeal by Father from an order of the court below adopting a permanent parenting plan which provided that Mother have responsibility for the care of the child except for the dates and times set forth therein. We affirm the trial court's order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and, HOLLY K. LILLARD, J., joined.

Lloyd R. Tatum, Henderson, Tennessee, for the appellant, Roy Ernest Young.

Dennis W. Plunk, Savannah, Tennessee, for the appellee, Joylee Mayhew.

### MEMORANDUM OPINION[1]

The undisputed facts are as follows: Joylee Mayhew is the natural mother and Roy Ernest Young the natural father of Spencer Madison Mayhew Young born January 6, 2000. The parties were never married. The child has continued without interruption to live with Mother in the home of her parents since birth. Father is 58 years old and Mother 30 years old. Mother has a learning disability and is classified on the level of 9 to 12 years old. However, the home study report indicates that she is fully capable to provide care for her child and do housekeeping.

---

[1]**Rule 10. Memorandum Opinion.** This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This action came before the court below when Roy Ernest Young (Father) filed a Petition To Become Primary Residential Parent and To Establish Paternity. It is admitted in the response to the petition that he is the natural father of the child which is the subject of this dispute. A temporary parenting plan was ordered by the trial court which provided that Mother would be responsible for the child except for the times and dates set forth therein.

In response to an order of reference, a home study was conducted by the Department of Children's Services which resulted in the filing with the court of the Department's confidential court report home study. A permanent parenting plan was ordered by the court and filed on December 31, 2001. It is from this order that Father appeals and his brief presents the following sole issue:

Whether the trial court erred in awarding primary parenting to Appellee.

Our review of a nonjury matter is to review the findings of fact by the lower court *de novo* upon the record with a presumption of correctness of the finding, unless the preponderance of the evidence is otherwise. Rule 13(d) Tenn. R. Civ. P. When the lower court does not make factual findings, our review is *de novo*, with no presumption of correctness.

Unfortunately, our review of the proceedings below is hampered by the fact that we do not have a complete record of the proceedings. The record before us consists of the pleadings and orders, commonly referred to as the technical record, and includes the Department's home study. The record further consists of a transcript of the proceedings of December 6, 2001. It is obvious from the comments of the trial judge at the beginning of those proceedings that evidence was previously heard and considered by the trial court which is not before this Court. The trial court stated as follows:

> Let me make sure that we understand what we're here about. I'm not trying this case over again. We've already tried it. There's a confidential Court report that was submitted by the Department of Children's Services, and I asked if any of the attorneys had any supplemental information that they wanted to put [sic] based upon the facts that were placed in the confidential Court report. So, we're not going to be trying it again unless there's some substantial material or circumstances that have occurred since the last time we were in Court. So, I just wanted to make sure that everybody - -

The only witnesses that testified at the December 6 hearing were the parents and Ms. Sandra Owens with the Department of Children's Services and who prepared the home study. Ms. Owens testified that she did not make a recommendation in her report but investigated both the mother and the father, their background, education and home conditions. She testified that Mother lives with her parents, who both work, but she had no concern about Mother being alone with the child. Father's testimony consisted primarily of efforts he had made to have the house cleaned and made more safe. Mother testified that the visitation previously established by the court was working well and that the child was healthy except for a head cold.

This Court cannot conduct a *de novo* review without a complete appellate record containing the facts. Therefore, we must presume that the record would have contained sufficient evidence to support the trial court's factual findings. *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). As this Court stated in *Coakley v. Daniels*, 840 S.W.2d 367 (Tenn. Ct. App. 1992):

> Where the issues raised go to the evidence, there must be a transcript. In the absence of a transcript of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment. *McKinney v. Educator and Executive Insurers, Inc.*, 569 S.W.2d 829, 832 (Tenn. Ct. App. 1977). This rule likewise applies where there is a statement of the evidence which is incomplete. The burden is upon the appellant to show that the evidence preponderates against the judgment of the trial court. *Capital City Bank v. Baker*, 59 Tenn. App. 477, 493, 442 S.W.2d 259, 266 (1969). The burden is likewise on the appellant to provide the Court with a transcript of the evidence or a statement of the evidence from which this Court can determine if the evidence does preponderate for or against the findings of the trial court.

*Coakley v. Daniels*, 840 S.W.2d at 370. Under rule 24 of the Tennessee Rules of Appellate Procedure, the appellant has the duty "'to prepare the record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal.'" *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997) (quoting *State v. Boling*, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992)).

The trial court has wide discretion in matters of custody and visitation. *See Edwards v. Edwards*, 501 S.W.2d 283, 291 (Tenn. Ct. App. 1973). In reviewing the limited record before this Court, we find no basis for a reversal of the trial court's decision. Therefore, the judgment of the trial court is affirmed and the costs of this appeal are taxed to the appellant, Roy Ernest Young, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE