IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief August 24, 2004

## ROBERT WALKER, ET AL. v. MICHAEL S. MULLINS, ET AL.

**Direct Appeal from the Chancery Court for Fayette County**
**No. 12920     Dewey C. Whitenton, Chancellor**

---

**No. W2004-01174-COA-R3-CV - Filed September 14, 2004**

---

This appeal is from the chancellor's decision in a property line dispute. In the absence of a transcript or statement of the evidence, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Tracy B. Walsh, Southaven, Mississippi, for the appellants, Michael S. Mullins and Stephanie J. Mullins.

William S. Rhea, Somerville, Tennessee, for the appellees, Robert Walker, Blain Walker, Paul Walker and Russell Walker.

**MEMORANDUM OPINION**[1]

The parties to this litigation are adjoining landowners. Following a dispute over the location of their common boundary, Plaintiffs Robert Walker, Blain Walker, Paul Walker and Russell Walker (Walkers) brought suit against Defendants Michael S. Mullins and wife, Stephanie J. Mullins (Mullins) alleging that the Walkers were the rightful owners of the disputed area.

Following a bench trial, the chancellor entered an order as follows:

---

[1]Rule 10 of the Tennessee Court of Appeals provides:
    This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This cause came on to be heard on this 30th day of January, 2004, before the Honorable Dewey C. Whitenton, Chancellor of Fayette County, Tennessee, upon the Complaint, Answer, Interrogatories, Requests for Admission, Responses to Interrogatories, Responses to Request for Admission, Motion to Enforce Settlement Agreement, Order Denying Motion to Enforce Settlement Agreement, arguments of counsel, the testimony of witnesses in open court and the entire record herein. From all of which, the Court finds by a preponderance of the credible evidence as follows:

The southern boundary line of Defendant, Michael S. Mullins, and the northern boundary line of Plaintiffs, Robert, Blain, and Paul Walker, is as surveyed by James O. Wiles.

Further, the Court finds that Defendant or his predecessors in title have not been in adverse possession for the required period and that the constructive possession has been maintained by the Plaintiffs and their predecessors in title.

It is, therefore, ORDERED, ADJUDGED and DECREED that the exact boundary line is to be marked on the ground by permanent markers or stakes and the cost of having the boundary marked shall be paid one-half by the Plaintiffs and one-half by the Defendant. Furthermore, the court costs are to be divided equally among the Plaintiffs and Defendant, and Plaintiffs and Defendant are to pay their own attorney's fees.

It is further, ORDERED, ADJUDGED and DECREED that upon the [judgment] or decree becoming final, Defendant shall either move the fence to the boundary, as specified, or remove the fence entirely.

It is further ORDERED, ADJUDGED and DECREED that the real property encompassed by the legal description set forth in the attached survey of James O. Wiles (Certificate of Survey attached as Exhibit 1) is confirmed as the lawful property of the Plaintiffs in fee simple absolute.

ALL OF WHICH IS SO ORDERED, ADJUDGED, AND DECREED this 1st day of April, 2004.

The Mullins filed a timely Notice of Appeal and the issues presented, as stated in their brief, are as follows:

1. Did the trial court err when overruling MULLINS' Motion for Summary Judgment to enforce a settlement agreement?

2. Did the trial court err in refusing to apply T.C.A. Section 28-2-110(a) as a bar to WALKERS' suit?

Our standard of review of findings of fact by the trial court is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). This presumption of correctness applies only to findings of fact and not to conclusions of law. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996). This Court is presented with a problem in reviewing the trial court's findings of fact due to the lack of either a transcript or a statement of the evidence. The Appellants filed a notice pursuant to rule 24(d) of the Tennessee Rules of Appellate Procedure that no transcript or statement of the evidence would be filed.

While Appellants contend that the trial court erred in overruling their motion for summary judgment with respect to enforcement of a settlement agreement, the record before us does not indicate that a motion for summary judgment was filed. However, it does reflect that the Defendants filed a motion titled Motion To Enforce Settlement Agreement with attachments. The trial court's order denying the motion to enforce settlement agreement indicates that a hearing was conducted before the chancellor on said motion. As heretofore indicated, the record before us does not contain a transcript or statement of the evidence of that hearing.

After hearing the evidence, the court below established the line. In the absence of a transcript or statement of the evidence, it is presumed that the parties presented sufficient evidence to support the trial court's judgment, and this Court will affirm the judgment. *Mfrs. Consol. Serv., Inc. v. Rodell*, 42 S.W.3d 846, 865 (Tenn. Ct. App. 2000); *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1988). The appellant bears the burden of showing that the evidence presented below preponderates against the trial court's judgment. *Coakley*, 840 S.W.2d at 370.

The judgment of the trial court is affirmed. Costs of this appeal are taxed to the appellants, Michael S. Mullins and Stephanie J. Mullins, and their surety.

_____
DAVID R. FARMER, JUDGE