# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Brief June 30, 2005

## GWENDOLYN FLOWERS v. TIMOTHY FLOWERS

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-03-0404-1     Walter L. Evans, Chancellor**

_____

**No. W2004-02853-COA-R3-CV - Filed August 3, 2005**

_____

Husband in this divorce action appeals from the judgment entered in the trial court. Absent a transcript or statement of the evidence, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Timothy Flowers, *Pro se*, Defendant/Appellant.

Gwendolyn Flowers, *Pro se*, Plaintiff/Appellee.

### MEMORANDUM OPINION[1]

Gwendolyn Flowers (Wife) filed a complaint for divorce on March 3, 2003, asking the court to end her marriage to Thomas Flowers, Sr. (Husband) which began on November 3, 1973. The complaint alleged irreconcilable differences, adultery and cruel and inhuman treatment. The complaint further prayed for a distribution of marital property and alimony.

Husband filed an answer and counter-complaint. A final decree of divorce was filed on October 15, 2004, which states that, pursuant to Tenn. Code Ann. § 36-4-129, the parties stipulated as to grounds and were declared divorced. The court ordered the marital residence to be sold with the net proceeds divided seventy-five percent (75%) to Wife and twenty-five percent (25%) to

---

[1]**RULE 10.  Memorandum Opinion**
     This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Husband. Upon sale of a one-week time share in Fairfield Bay, the net proceeds were to be divided equally. The trial court determined that this was not a proper case for the payment of alimony and that each party should pay their own credit card debt. Husband was ordered to pay Wife's attorney's fees in the amount of $1,500. In addition, the decree provided for an award of credit union accounts, life insurance policies, pension and retirement plans, vehicles, household furnishing and various items of personal property.

Husband filed a notice of appeal. It appears from the technical record that both parties were represented by counsel at trial. However, both parties appear *pro se* in this Court. As best we can determine from Husband's brief, Husband argues that each party should receive fifty percent (50%) from the sale of the real estate and that he should not be responsible for the payment of any of Wife's attorney's fees.

Rule 13(d) of the Tennessee Rules of Appellate Procedure provides that this Court review the trial court's findings of fact *de novo* upon the record of the trial court with a presumption that the trial court's finds are correct, unless the preponderance of the evidence is otherwise. In order to perform a *de novo* review upon the record, a record must be presented to this Court for review.

This Court entered an order on February 17, 2005, noting that the time had passed for the Appellant, Mr. Flowers, to file a transcript or statement of the evidence as required by Rule 24 of the Tennessee Rules of Appellate Procedure. He was given until March 1, 2005, to show cause why this appeal should not be dismissed for failure to comply with Rule 24. By order of March 8, 2005, Mr. Flowers was granted an extension through April 1, 2005, in which to comply with Rule 24. Compliance never occurred.

As this Court stated in *Manufacturers Consolidation Service, Inc. v. Rodell*, 42 S.W.3d 846 (Tenn. Ct. App. 2000):

> The appellant bears the burden of showing that the evidence presented below preponderates against the trial court's judgment. *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992). To this end, the Tennessee Rules of Appellate Procedure require the appellant to prepare "a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b); *see also Johnson v. Hardin*, 926 S.W.2d 236, 239 (Tenn. 1996); *Nickas v. Capdalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997). In the absence of a transcript or statement of the evidence, a presumption arises that the parties presented sufficient evidence to support the trial court's judgment, and this court will affirm the judgment. *Coakley*, 840 S.W.2d at 370; *Irving v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1988).

*Manufacturers Consol. Serv.*, 42 S.W.3d at 865.

In the absence of a transcript or statement of the evidence, this Court is compelled to affirm the judgment of the trial court. Costs of this appeal are taxed to the appellant, Timothy Flowers, Sr., for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE