IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs, May 18, 2007

## LILLIANE KAMBU v. JEAN KATERA

**Direct Appeal from the Circuit Court for Williamson County**
**No. 05245     Hon. Russ Heldman, Circuit Judge**

**No. M2006-01482-COA-R3-CV - Filed on July 25, 2007**

The Trial Court granted the parties a divorce, ordering the husband to pay child support and alimony in futuro.  The husband has appealed arguing the Trial Court abused its discretion in awarding the wife alimony. We modify the alimony award and otherwise affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed, as modified.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, J., J., and D. MICHAEL SWINEY, J., joined.

Lorraine Wade, Nashville, Tennessee, for Appellant.

Virginia Lee Story, Franklin, Tennessee, for Appellee.

### OPINION

This divorce action was filed on April 22, 2005.  The parties are natives of Africa, and had lived in Williamson County for approximately 2 ½ years prior to the filing of the divorce.

The case was tried on April 18, 2006, and the next entry in the record is a Memorandum dated April 20, 2006, which simply states: "Upon due consideration, the proposal for relief of Plaintiff Lilliane Kambu is hereby sustained and adopted by the Court. Counsel for Plaintiff shall prepare a final judgment/order."

A Final Decree was entered that same day, which states that a hearing was held on

April 18, 2006, and that the parties testified through sworn interpreters. The Court granted the parties a divorce on the grounds of inappropriate marital conduct, adopted an attached parenting plan and set child support according to the attached worksheet, and then took all other matters under advisement. The Parenting Plan designates the wife as primary residential parent, and gives her 283 days with the children (husband was given 82 days). The Parenting Plan states the husband's gross monthly income is $1,633.00, and the wife's gross monthly income is $1,517.00. The husband was ordered to pay child support in the amount of $627.00 per month, pursuant to the guidelines.

Another "Final Decree of Divorce" was entered on April 26, 2006, which states that each party was awarded the personalty in his/her possession, and that each party would be responsible for the debts in his/her name. The wife was awarded the vehicle in her possession, along with its debt, and husband was awarded the vehicle in his possession. Each party was awarded the bank accounts in his/her name, and the wife was given a judgment against the husband of $3,536.87, representing one-half of lawsuit settlement proceeds received by him. The wife was awarded the parties' marital residence, and the husband was ordered to quitclaim his interest. The Court then awarded wife alimony in futuro of $500.00 per month, until the wife's death or remarriage, finding that rehabilitation was not feasible.

The husband filed a Motion to Alter or Amend and the Court entered an Order on June 6, 2006, denying the husband's Motion.

The issues raised by the parties on appeal are as follows:

1. Whether the trial court abused its discretion in awarding wife alimony in futuro?

2. Whether this appeal should be dismissed for husband's failure to comply with Tenn. R. App. P. 24 by filing a statement of the evidence?

3. Whether wife should be granted attorney's fees on appeal?

The wife asserts that the husband's appeal should be dismissed because he failed to comply with the requirements of Tenn. R. App. P. 24 by filing a transcript or a statement of the evidence. She further argues that in the absence of a transcript or statement of the evidence, this Court must either dismiss the appeal or affirm the Trial Court's ruling.

As this Court has previously explained regarding sufficiency of the record on appeal:

We begin our analysis by noting that the appellant has the burden to demonstrate that the evidence preponderates against the judgment of the trial court. Additionally, under Rule 24 of the Tennessee Rules of Appellate Procedure, the appellant has the duty to prepare the record which conveys a fair, accurate, and complete account of what transpired in the trial court regarding the issues which form the basis of the

appeal. The appellant also has the burden to provide this Court with a transcript of the evidence or a statement of the evidence from which we can determine whether the evidence preponderates for or against the findings of the trial court. In the absence of a transcript or statement of the evidence, we conclusively presume that the findings of fact made by the trial court are supported by the evidence and are correct.

*In re MLD*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005). Similarly, in *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App.1992), it was stated:

Where the issues raised go to the evidence, there must be a transcript. In the absence of a transcript of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment. This rule likewise applies where there is a statement of the evidence which is incomplete. The burden is upon the appellant to show that the evidence preponderates against the judgment of the trial court. The burden is likewise on the appellant to provide the Court with a transcript of the evidence or a statement of the evidence from which this Court can determine if the evidence does preponderate for or against the findings of the trial court.

In this case, while the Court did not make extensive findings of fact on the alimony issue, it did find that the wife was entitled to alimony in futuro based on the evidence presented, and that rehabilitation was not feasible. Generally speaking, if the trial court has not made findings of fact with respect to the relevant factors an appellate court must conduct its "own independent review of the record to determine where the preponderance of the evidence lies." *Crabtree v. Crabtree*, 16 S.W.3d 356, 360 (Tenn.2000).

We review the Trial Court's finding of fact "*de novo*" upon the record of the Trial Court accompanied by a presumption of correctness of the findings, unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d) (2005). Where we are without an evidentiary record, we "must assume that the record, had it been preserved, would have contained sufficient evidence to support the Trial Court's factual findings". *Sherrod v. Wix*, 849 S.W.2d 780-783 (Tenn. Ct. App. 1992). In this case the Trial Court adopted a parenting plan which states that the husband's gross income was $1,633.00, and his wife's gross income was $1,517.00. The finding establishes that the husband's gross income is $116.00 per month more than the wife's. The child support set by the Court of $627.00 and the alimony award of $500.00, would leave a gross amount of $506.00 for the husband's livelihood.

When the Trial Court's findings of fact are inconsistent with its conclusions of law, the findings of fact must prevail. *Martin v. McCreary*, 89 S.W. 324 (Tenn. 1905). In this case the Court's finding of facts demonstrates that the husband does not have the ability to pay the alimony awarded by the Court. Since the Trial Court found that "rehabilitation" was not feasible, we believe the right to alimony to the wife should be preserved. Accordingly, we modify the award of alimony downward to $80.00 a month.

The wife seeks an award of attorney's fees, stating that she is financially unable to pay these fees and that she should be awarded the fees as additional alimony. Due to the state of the record, she is unable to demonstrate that she is entitled to the award requested. Accordingly, we affirm the Trial Court's Judgment, as modified, and assess one-half of the costs of the appeal to each party.

_____
HERSCHEL PICKENS FRANKS, P.J.