IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 14, 2007 Session

## BETTY WEBB v. DAVID LANE

**Direct Appeal from the Circuit Court for Rutherford County**
**No. 53284     Robert Corlew, III, Chancellor**

---

**No. M2007-00193-COA-R3-CV - Filed September 26, 2007**

---

Plaintiff appeals from a judgment rendered in her favor contending that the award was insufficient to compensate her for her injuries. In the absence of a transcript or sufficient statement of the evidence, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY M. KIRBY, J. and STEVE R. DOZIER, SP. J., joined.

Betty Webb, *Pro Se.*

Jeff McCullough, Murfreesboro, Tennessee, for the appellee, David Lane.

**MEMORANDUM OPINION**[1]

Betty Webb (Ms. Webb) sued David Lane (Mr. Lane) alleging that on or about May 4, 2002, he intentionally assaulted her at the Woodfin Funeral Home in Murfreesboro by striking her in the chest, causing her to fall and sustain injury. The complaint further set forth medical expenses alleged

---

[1]**RULE 10. MEMORANDUM OPINION**

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

to have resulted from the injuries pursuant to Tennessee Code Annotated § 24-5-113.[2] Mr. Lane answered the complaint denying the material allegation and denying that Plaintiff was entitled to the statutory presumptions authorized by T.C.A. § 24-5-113 pursuant to the facts in the instant case. The answer further averred that Plaintiff's action was barred by the one-year statute of limitations applicable to personal injury suits.

The trial court entered an order pursuant to a Motion in Limine filed by the Defendant wherein the court ruled as follows:

That the Plaintiff does not intend to produce any evidence at the trial of this matter regarding Lost Wages and Lost Earning Capacity and Plaintiff therefore agrees that the Motion of Defendant should be granted precluding the admission of evidence related to lost wages and earning capacity[.]

That at trial the Plaintiff will have the burden of proving both the necessity and reasonableness of her medical expenses in this cause; that the Plaintiff has not complied with the requirements of T.C.A. [§] 24-5-1-13 and therefore, Plaintiff may not rely upon that statute to create a presumption of the necessity and reasonableness of the medical bill attached; and that the Plaintiff will continue at trial to have the burden to prove that medical expenses were incurred as the result of the alleged

---

[2]Tennessee Code Annotated § 24-5-113 provides:

**Medical, hospital or doctor bills – Prima facie evidence of necessity and reasonableness.** – (a)(1) Proof in any civil action that medical, hospital or doctor bills were paid or incurred because of any illness, disease, or injury may be itemized in the complaint or civil warrant with a copy of bills paid or incurred attached as an exhibit to the complaint or civil warrant. The bills itemized and attached as an exhibit shall be prima facie evidence that the bills so paid or incurred were necessary and reasonable.

(2) This section shall apply only in personal injury actions brought in any court by injured parties against the persons responsible for causing such injuries.

(3) This prima facie presumption shall apply to the medical, hospital and doctor bills itemized with copies of bills attached to the complaint or civil warrant; provided, that the total amount of such bills does not exceed the sum of four thousand dollars ($4,000).

(b)(1) In addition to the procedure described in subsection (a), in any civil action for personal injury brought by an injured party against the person or persons alleged to be responsible for causing the injury, if an itemization of or copies of the medical, hospital or doctor bills which were paid or incurred because of such personal injury are served upon the other parties at least ninety (90) days prior to the date set for trial, there shall be a rebuttable presumption that such medical, hospital or doctor bills are reasonable.

(2) Any party desiring to offer evidence at trial to rebut the presumption shall serve upon the other parties, at least forty-five (45) days prior to the date set for trial, a statement of that party's intention to rebut the presumption. Such statement shall specify which bill or bills the party believes to be unreasonable.

Tenn. Code Ann. § 24-5-113 (2000).

actions of Defendant, that said medical expenses were made necessary as the result of said actions and that the amount of said bills were reasonable.

The court below conducted a bench trial on September 18, 2006, whereupon the trial court entered judgment in pertinent part as follows:

1. That on May 4, 2002, the Defendant, David Lane, did intentionally assault the Plaintiff, Betty Webb, at the Woodfin Funeral Home, 1309 Woodfin Place, Murfreesboro, Tennessee 37130, by striking her in the chest, causing her to fall, striking her head and body on the floor;

2. That the Plaintiff, Betty Webb, did not prove any loss of earnings or earning capacity as the result of Defendant's assault;

3. That the Plaintiff did not prove any medical expenses which were incurred as the result of the Defendant's assault;

4. That the Plaintiff did not present any medical proof in this cause regarding the nature and extent of her injuries resulting from the Defendant's assault; and

5. That based upon the testimony of the Plaintiff, Betty Webb, regarding her pain and suffering in this cause, the Plaintiff should be awarded damages which total $1,000.00 for her injuries in this cause.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiff, Betty Webb, be and is hereby awarded Judgment against the Defendant, David Lane, for the total sum of ONE THOUSAND AND NO/100 ($1,000.00) DOLLARS for her damages cause by his assault.

The record before us consists of what is commonly referred to as the technical record. That record indicates that Ms. Webb was represented by counsel in the proceedings below but appears to have proceeded *Pro Se* following the trial, including the filing of a Notice of Appeal. She likewise appears *Pro Se* in this Court. Ms. Webb filed in the trial court a handwritten document which states that Mr. Lane shoved her down at the Woodfin Funeral Home. Other than that statement, the document would not qualify as a statement of the evidence as it relates to the issue presented on appeal. Mr. Lane filed an objection in the event that the court treated the document as a statement of the evidence. The objection further states that counsel for Mr. Lane was not served with a copy of this filing but discovered it upon reviewing the court's file in the clerk's office.[3]

---

[3]The record before us does not contain an order addressing the objection to the statement of the evidence.

Ms. Webb contends on appeal that the damages awarded her in the court below were insufficient. This Court's review of the proceedings below is hampered by the fact that the record before us contains neither a transcript nor a statement of the evidence. As this Court stated in *Sherrod v. Wix*, 849 S.W.2d 780 (Tenn. Ct. App. 1992):

> When a trial court decides a case without a jury, [its] findings of fact are presumed to be correct unless the evidence in the record preponderates against them. Tenn. R. App. P. 13(d). This court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings.

*Id*. at 783 (citations omitted).

The rule set forth in *Wix* likewise applies where there is a statement of the evidence which is incomplete. The burden is upon the appellant to provide the court with a transcript of the evidence or a statement of the evidence from which this Court can determine whether the evidence preponderates for or against the findings of the trial court. *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992). Even if this Court were to consider the document filed by Ms. Webb in the court below, it contains no proof of her loss of earnings or earning capacity nor the medical expenses incurred.

As heretofore noted, Defendant further raised the defense of the statute of limitations. The complaint alleges that the injury occurred on May 4, 2002. The complaint was filed on March 10, 2006, well beyond the one-year statute of limitations set forth in T.C.A. § 28-3-104. The appellee has not raised this as an issue on appeal.

The judgment of the trial court is affirmed and this cause is remanded for any further necessary proceedings. Costs of this appeal are taxed to the Appellant, Betty Webb.

_____
DAVID R. FARMER, JUDGE