IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 3, 2018

## NEDRA B. DRAYTON v. JACQUELYN B. SCRUGGS

**Appeal from the Circuit Court for Shelby County**
**No. CT-003417-16   Valerie L. Smith, Judge**

_____

### No. W2017-00760-COA-R3-CV

_____

This appeal arises from an Order of Protection initially issued in the General Sessions Court for Shelby County, Tennessee based on the plaintiff's allegation that the defendant, her mother, assaulted her "by hitting her with her car." In the appeal to the Circuit Court, that court ordered that all provisions in the order of protection in the General Sessions Court remain in effect until further order of the Circuit Court. Following numerous filings and motions, one of which sought a psychological mental health assessment of the plaintiff, the Circuit Court denied all pending motions and dismissed the order of protection. This appeal followed. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which CHARLES D. SUSANO JR. and BRANDON O. GIBSON, JJ., joined.

Nedra B. Drayton, Memphis, Tennessee, Pro Se.

Jacquelyn B. Scruggs, Cordova, Tennessee, Pro Se.

### MEMORANDUM OPINION[1]

---

[1] Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The appellant, Nedra B. Drayton, also referred to in the record as Nedra Ransom Drayton-Hastings ("Plaintiff"), filed a pro se brief in this appeal. The defendant, Jacquelyn Ball Scruggs, did not file a brief.[2]

Plaintiff's brief does not comply with the Tennessee Rules of Appellate Procedure or the Rules of the Court of Appeals of Tennessee. In fact, it is profoundly deficient in many respects. While pro se litigants are granted a certain amount of leeway in drafting their briefs, they are not excused from complying with the same substantive and procedural requirements as represented parties, and they may not shift the burden of litigating their case to the courts or their adversaries. *Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003).

Further complicating our ability to review this appeal is the lack of a transcript of the evidence or a statement of the evidence.[3] The burden is on the appellant to provide a transcript of the evidence or a statement of the evidence. Tenn. R. App. P. 24(b) & (c); *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992). As discussed, "[t]he absence of either a transcript or a statement of the evidence significantly ties the hands of the appellate court." *Chandler v. Chandler*, No. W2010–01503–COA–R3–CV, 2012 WL 2393698, at *6 (Tenn. Ct. App. June 26, 2012). Moreover, "in the absence of a transcript or statement of the evidence, there is a conclusive presumption that there was sufficient evidence before the Trial Court to support its judgment and this Court must therefore affirm the judgment." *Brown v. Christian Bros. Univ.*, 428 S.W.3d 38, 48 (Tenn. Ct. App. 2013) (quoting *Outdoor Mgmt., LLC v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007)).

This conclusive presumption applies to the trial court's factual findings concerning proof presented at trial. *In re Estate of Kysor*, No. E2014-02143-COA-R3-CV, 2015 WL 9465332, at *4 (Tenn. Ct. App. Dec. 28, 2015) (citing *In re M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005)). Because Plaintiff failed to provide either a transcript of the

---

[2] The defendant, Jacquelyn Scruggs, informed the Clerk of this court that she would not be filing a brief and would not participate in this appeal. Her notification to the Clerk reads as follows:

> Please accept and record my response to an administrator order to me as an appellee. Ms. Nedra Drayton, the appellant, is my daughter who has exhibited behavior indicative of some form of mental/emotional instability. This referenced litigation is one of many filed against me and other family members. The legal system has awarded her "paupers" status and she has taken this advantage to harass family friends. My response is to not file a brief and I will [not] [sic] participate in the hearing. Please reply with any helpful guidance. Thank you.

[3] On June 1, 2017, Plaintiff notified the circuit court clerk that "no transcript in this matter will be filed."

evidence or a statement of the evidence, we must presume the trial court's factual findings concerning proof presented are supported by the evidence.

Plaintiff has raised three issues on appeal. To properly analyze each of these issues, we would need to examine the evidence presented to the court. Because we have no record of what evidence was presented, there is no basis upon which to conclude that the evidence preponderates against the findings of the circuit court and the rulings based thereon. Accordingly, we affirm the judgment of circuit court.

## IN CONCLUSION

The judgment of the circuit court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant for which execution may issue.

_____
FRANK G. CLEMENT JR., P.J., M.S.