IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 4, 2018 Session

## AMIR ESFANDYARI V. TINY'S CONSTRUCTION, LLC

**Appeal from the Chancery Court for Davidson County**
**No. 16-1158-III     Ellen H. Lyle, Chancellor**

_____

## No. M2018-00395-COA-R3-CV

_____

This appeal follows a jury trial in which the plaintiff was awarded a judgment of $9,950 for property damage caused by a construction company while demolishing a neighboring structure. Plaintiff appeals taking issue with, *inter alia*, the jury's finding that he was comparatively at fault, the amount of the award, and opposing counsel's closing argument. Because the plaintiff failed to file a motion for a new trial in the trial court, the plaintiff has waived any issue predicated upon error in "the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case[.]" Tenn. R. App. P. 3(e). Moreover, because the plaintiff failed to provide this court with a transcript of the evidence or a proper statement of the evidence relevant to any issue presented for review, this court is precluded from considering the issues. *See State v. Ballard*, 855 S.W.2d 557, 561 (Tenn. 1993). Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Amir Esfandyari, Nashville, Tennessee, Pro Se.

Craig R. Allen, Chattanooga, Tennessee, and Christen C. Blackburn, Nashville, Tennessee, for the appellee, Tiny's Construction, LLC.

# MEMORANDUM OPINION[1]

At all times relevant to this action Amir Esfandyari ("Plaintiff") owned improved property located at 340 White Bridge Road in Nashville, Tennessee where he operated his retail business, an oriental rug gallery. On November 1, 2016, Plaintiff filed a pro se complaint against Tiny's Construction, LLC ("Defendant") seeking compensation for structural damage to his building. Plaintiff alleged that Defendant, while demolishing a neighboring structure, caused structural damage to the building that caused it "to lean" along with other damage. Defendant denied any liability and asserted a number of defenses, including comparative fault and failure to mitigate damages. Defendant also asserted that Plaintiff's building was structurally unsound.

Although Plaintiff was not represented by counsel when he filed the complaint, Plaintiff was represented by counsel during the jury trial. After five days of testimony, the jury returned a verdict in favor of Plaintiff and awarded damages in the amount of $9,950. Shortly following trial, Plaintiff's counsel withdrew, and Plaintiff, again acting pro se, filed a timely notice of appeal.

## ANALYSIS

Because Plaintiff is pro se on appeal, he is granted a certain amount of leeway; however, we may not excuse him from complying with the same substantive and procedural requirements as represented parties or shift the burden of litigating the case to the courts or his adversary.[2] *Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003).

In this appeal, Plaintiff is challenging what occurred during and as a result of a jury trial, but he is not asking for a new trial. Instead, he wants this court to re-examine

---

[1] Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Plaintiff filed the complaint pro se and represented himself for a period of time prior to trial. Thereafter, Plaintiff was represented by counsel, Kevin Klein, who made a notice of appearance on December 11, 2017. Attorney Klein represented Plaintiff for a short period of time prior to and during the jury trial but was granted leave to withdraw on an expedited basis on February 28, 2018, which was shortly after the completion of the jury trial. Thereafter, and while proceeding pro se, Plaintiff filed his notice of appeal, prepared and filed his appellate brief, and represented himself at oral argument.

the facts and documents and to allocate 100% of the fault to Defendant.[3] We, however, cannot re-try this case, as Plaintiff requests. As is explained in *Duran v. Hyundai Motor Am., Inc.*:

> When appellate courts review the evidentiary foundation of a jury's verdict regarding liability, they should keep in mind that the Constitution of Tennessee assigns this task to the jury. Appellate courts are not a jury of three with the prerogative to re-weigh the evidence, or to determine where the "truth" lies. Nor are they empowered to substitute their judgment for the jury's, even if they conclude that the evidence might well have supported a different conclusion, or that the jury did not weigh the evidence well or that they would have reached a different conclusion had they been members of the jury.

271 S.W.3d 178, 204-05 (Tenn. Ct. App. 2008) (citations omitted).

We are also precluded from considering other issues Plaintiff raises because he failed to raise them in a motion for a new trial. For example, Plaintiff contends defense counsel's closing argument was "fraudulent." He also contends the jury was biased against Plaintiff because he is from Iran. We cannot consider these and the other issues Plaintiff raises because, as Rule 3(e) of the Tennessee Rules of Appellate Procedure states:

> In all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.

Plaintiff did not address these issues in a motion for new trial; therefore, the issues are waived. *Id*.

There is another reason we are unable to grant Plaintiff any relief. This is because we do not have a transcript or a proper statement of the evidence to review. Plaintiff is the appellant here, and the burden is on the appellant, Plaintiff, to provide us with a

---

[3] Plaintiff concludes the Argument section of his appellate brief stating, "Because of what I experienced with the jury, I am not asking for another jury trial. I have fate [sic] [in] our system and I solely rely on [the] appellate court to re-examine the facts and documents and reverce [sic] the chancery courts [sic] decision of defendants 55% guilty to 100%."

transcript of the evidence or a statement of the evidence.[4] Tenn. R. App. P. 24(b) & (c); *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992). "The absence of either a transcript or a statement of the evidence significantly ties the hands of the appellate court." *Chandler v. Chandler*, No. W2010–01503–COA–R3–CV, 2012 WL 2393698, at *6 (Tenn. Ct. App. June 26, 2012). "Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, . . . an appellate court is precluded from considering the issue." *Ballard*, 855 S.W.2d at 560–61.

For the foregoing reasons, we affirm the judgment of the trial court.

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Amir Esfandyari.

_____
FRANK G. CLEMENT JR., P.J., M.S.

---

[4] The purported "Statement of the Evidence" submitted by Plaintiff does not summarize the testimony at trial as Tenn. R. App. P. 24(c) requires. Moreover, it was not filed with the trial court as the rule requires. *Id*. Thus, we may not consider the proffered statement of the evidence or any arguments contained therein.