IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 12, 2005 Session

## EMILY PATRICIA RUSSELL RAY v. JAMES FRANKLIN RAY, SR.

**Appeal from the Chancery Court for Greene County**
**No. 20030171      Thomas R. Frierson, II, Chancellor**

---

**No. E2004-01622-COA-R3-CV - FILED AUGUST 16, 2005**

---

In this divorce case, husband argues that the trial court erred in awarding wife rehabilitative alimony and attorney's fees and contends that a post-judgment change in circumstances warrants termination of alimony. Because husband failed to submit a transcript or statement of evidence, failed to support his argument with citations of authority and appropriate references to the record, and failed to raise the issue of post- judgment change of circumstances prior to appeal, we affirm the judgment of the trial court and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Cause Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

James Franklin Ray, Forest City, North Carolina, *pro se*, Appellant.

Francis X. Santore, Greeneville, Tennessee, for the Appellee, Emily Patricia Russell Ray.

**OPINION**

This appeal derives from a cause of action for divorce filed by the Appellee, Emily Patricia Russell Ray, against the Appellant, James Franklin Ray, Sr., in the Chancery Court for Greene County, Tennessee, on June 16, 2003. The trial court ordered the parties to participate in mediation which resulted in resolution of some issues in the case and the parties' agreement to a temporary parenting plan pertaining to the care, custody and control of their two minor children born during the marriage. However, Mr. Ray refused to agree to Ms. Ray's request for alimony *pendente lite*.

A hearing upon the record was held before the trial court on December 8, 2003, and on December 17, 2003, the court entered its order approving the temporary parenting plan agreed to by

the parties at mediation, including the agreement that Mr. Ray pay child support in the amount of $187.00 per week. The order further states that Ms. Ray "has proven, by a preponderance of the evidence, her entitlement to alimony pendente lite. Therefore, on a pendente lite basis, the wife shall be awarded the sum of $500.00 monthly, retroactive to November 1, 2003, payable weekly by wage assignment." A motion by Mr. Ray requesting that the trial court amend its finding to show that Ms. Ray was not entitled to alimony *pendente lite* was overruled.

On May 10, 2004, the trial court conducted a trial on the merits. In addition to issues regarding allocation of parental responsibilities, division of marital property and allocation of marital debt, the court addressed the issues of Ms. Ray's entitlement to spousal support and attorney's fees. The court's judgment and incorporated memorandum opinion entered June 3, 2004, provides in part as follows:

> [Ms. Ray] is not maintaining gainful employment at present. The evidence preponderates in favor of a finding that for Ms. Ray economic rehabilitation is feasible as she hopes to further her education to become a respiratory therapist. Mr. Ray shall pay to Ms. Ray rehabilitative spousal support in the amount of $350.00 per month for a period of 2 years following the divorce or until Ms. Ray's remarriage.

Based upon the trial court's further determination that "Ms. Ray will not be vested with adequate assets for her needs and payment of all of her attorney's fees," the court also ordered that Mr. Ray pay Ms. Ray's attorney's fees in the amount of $1,000.00.

Mr. Ray's brief is short in length and we recite his statement of facts, argument and conclusion in full as follows:

### Statement of Facts

> Ms. Russell[1] was awarded alimony based on the facts that she would need to be rehabilitated for carpal tunnel syndrome and that she would need to further her education, thus leaving her unemployed and relying on Mr. Ray to support her. Ms. Russell has made no attempts of rehabilitation and is not attending school at this time. She has also become unemployed.
> Mr. Ray earns $14.36 per hour. $2297.60 per month before taxes, insurance and normal deductions. From December 2003 till May 2004 Ms. Russell received $2500.00 for alimony. Since June 2004 until present she has received $2800.00. Mr. Ray asks that the alimony be terminated based on the facts that Ms. Ray is now employed, she is not attending school and her health is obviously considerably better based on the fact that she has become employed at the same job she was doing prior to our separation.

---

[1] In his brief, Mr. Ray refers to the appellee by her maiden name.

**Argument**

The trial was improperly ruled in favor of Ms. Russell to receive alimony. There was no infidelity and I do not earn a substantial salary. Ms. Russell was awarded alimony in order for her to become rehabilitated and to become a full time student. Neither of these has taken place. I want to support my children and do my part financially and otherwise to be an active part of their lives. However I find it appalling that I must pay Ms. Russell alimony of any amount. I feel that Ms. Russell should be held in contempt of court based on the facts that she is not following procedures that granted her the alimony. Please understand the request to terminate this alimony altogether. Please review my salary and the dollar amount that has already been paid to Ms. Russell for alimony. Please correct this judgment in the way that you see fit. Thank you in advance for your attention of this matter.

**Conclusion**

Mr. Ray should not be held responsible for alimony to Ms. Russell and neither is held responsible for any attorney fees, which Ms. Russell has encored.[sic]

**Analysis**

Based upon the above, we construe the issues raised by Mr. Ray to be as follows:

1) Did the trial court err in awarding Ms. Ray rehabilitative alimony?

2) Did the trial court err in awarding Ms. Ray attorney's fees?

3) Has there been a change of circumstances since the trial court's final decree that would warrant a termination of alimony?

Tenn. Code Ann. § 36-5-101(d)(1) (2001) authorizes a court to award alimony to an economically disadvantaged spouse. This statute provides that, in determining whether such an award is appropriate and "the nature, amount, length of term, and manner of payment, the court shall consider all relevant factors," including various factors specified in the statute such as the relative earning capacity of each party, the physical condition of each party and each party's relative education and training. In the case before us, the trial court indicated the evidence it reviewed which compelled it to conclude that Ms. Ray was entitled to alimony and attorney's fees. This evidence included "sworn testimony introduced in open court, and statements from counsel for the plaintiff and from the defendant, who proceeded pro se in this action." Although Mr. Ray requests that we reverse the trial court's decision, he has failed to provide us with a statement or transcript of the oral evidence which the court referenced as being part of the evidence it considered in reaching its

decision in this case. We previously addressed the consequences of such an omission in *Manufacturers Consolidation Service, Inc. v. Rodell*, 42 S.W.3d 846,865 (Tenn. Ct. App. 2000) as follows:

> The appellant bears the burden of showing that the evidence presented below preponderates against the trial court's judgment. *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992). To this end, the Tennessee Rules of Appellate Procedure require the appellant to prepare "a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b); *see also Johnson v. Hardin*, 926 S.W.2d 236, 239 (Tenn. 1996); *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997). In the absence of a transcript or statement of the evidence, a presumption arises that the parties presented sufficient evidence to support the trial court's judgment, and this court will affirm the judgment. *Coakley,* 840 S.W.2d at 370; *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1988).

We further note that Mr. Ray's brief fails to reference the record or cite any authority in support of his argument. T.R.A.P. 27(a)(7) provides that the appellant's brief "shall contain ... [a]n argument ... with citations to the authorities and appropriate references to the record ... relied on." Courts in this state routinely hold that the failure to make appropriate references to the record and to include citations of relevant authority in the argument section of a brief constitutes a waiver of the issue raised. *Bean v. Bean*, 40 S.W.3d 52, 53 (Tenn. Ct. App. 2000).

Finally, it is our determination that the issue of whether the award of rehabilitative alimony to Ms. Ray should be terminated based upon the changed circumstances alleged by Mr. Ray in his brief should have been requested upon petition to the trial court prior to appeal to this Court. In this regard, Tenn. Code Ann. § 36-5-101(d)(2)(2001 & Supp. 2004) provides,

> An award of rehabilitative, temporary support and maintenance shall remain in the court's control for the duration of such award, and may be increased, decreased, terminated, extended, or otherwise modified, upon a showing of substantial and material change in circumstances.

There is no indication in the record before us that Mr. Ray at any time petitioned the trial court to modify its award of rehabilitative alimony based upon a change of circumstances. An issue not raised at the trial court level may not be raised for the first time on appeal. *Simpson v. Frontier Community Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1981).

For the foregoing reasons, the judgment of the trial court is affirmed and the cause is remanded for further necessary action, if any, consistent with this opinion. Costs of appeal are adjudged against James Franklin Ray, Sr.

_____

SHARON G. LEE, JUDGE