FILED

April 8, 2015

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:00 AM



**TENNESSEE DIVISION OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Employee:  John Beers | ) | Docket No.  2014-06-0079 |
| | ) | |
| Employer:  Rajendra Bhakta, | ) | |
| d/b/a Ram Construction | ) | State File No.  93780-2014 |

In accordance with Rule 0800-02-22-.02(6), please find attached the Workers' Compensation Appeals Board's Opinion Affirming and Remading Interlocutory Order of Court of Workers' Compensation Claims in the referenced case.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Opinion Affirming and Remading Interlocutory Order of Court of Workers' Compensation Claims was sent to the following recipients by the following methods of service on this the 8th day of April, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| John Beers | | | | | X | newlookjohnbeers@gmail.com |
| Michael L. Haynie | | | | | X | mhaynie@manierherod.com |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov

**FILED**

**April 8, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:00 AM**



# TENNESSEE DIVISION OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Employee: John Beers | ) Docket No. 2014-06-0079 |
| | ) |
| Employer: Rajendra Bhakta, d/b/a | ) State File No. 93780-2014 |
| Ram Construction | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Kenneth M. Switzer, Judge | ) |

---

Affirmed and Remanded – Filed April 8, 2015

---

## OPINION AFFIRMING AND REMANDING INTERLOCUTORY ORDER OF COURT OF WORKERS' COMPENSATION CLAIMS

This interlocutory appeal involves a construction worker who injured his head and low back when he fell from a ladder at a job site where he was making repairs to the roof of a hotel. He alleged that for approximately one and one-half years before the accident he worked "off and on" for the owner of the construction company that was the general contractor for the job. The construction company denied that the worker was an employee at the time of the alleged injury, denied that the company was the general contractor on the project, and denied that it paid the worker for any work performed on the project. Following an expedited hearing, the trial court found that the injured worker did not work for the construction company as a statutory employee on the date of the alleged injury. The worker has appealed. Having carefully reviewed the record, which did not include a transcript of the expedited hearing or a statement of the evidence, we affirm the decision of the Court of Workers' Compensation Claims.

Judge David F. Hensley delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge Timothy W. Conner, joined.

1

John Beers, Chapmansboro, Tennessee, employee-appellant, *pro se*

Michael Haynie, Nashville, Tennessee, for the employer-appellee, Rajendra Bhakta, d/b/a Ram Construction

## Factual and Procedural Background

John Beers is a resident of Cheatham County. He was injured on November 28, 2014, when he fell from a ladder while working on the roof at the Dickerson Road Motel, a/k/a the Trinity Inn ("Trinity Inn") in Nashville.[1] He testified in the expedited hearing that he worked "off and on" for Rajendra "Ray" Bhakta, owner of Ram Construction ("Ram"), for approximately one and one-half years before the alleged incident, performing construction work at various hotels. Exhibits introduced during the expedited hearing include several checks that Mr. Beers testified were paid to him by Mr. Bhakta that were drawn on "Nashville Hotel at the Crossings," and a check that Mr. Beers testified was paid to him by Mr. Bhakta drawn on the "Best Western Inn in Winchester."

Mr. Beers testified that on an unspecified date Mr. Bhakta offered him work at the Trinity Inn at the hourly rate of $17.00 for ten to twelve hours per day, seven days per week. He introduced a check dated December 2, 2014, drawn upon Subway Store #22053, which he testified Mr. Bhakta gave him for work performed at the Trinity Inn. Mr. Beers testified that he reported to an individual known to him as "Pops" at the Trinity Inn.

Mr. Beers testified that while making roof repairs at the Trinity Inn on November 28, 2014, he fell from a ladder, injuring his head and low back. He went to the emergency department at Skyline Medical Center immediately afterward and was treated and discharged the same day. He admitted that he listed his employer/guarantor as "New Look Construction" on the records at Skyline Medical Center, but he testified "New Look Construction" was a former business name under which he operated and that at the time of the injury he worked for Mr. Bhakta. Mr. Beers acknowledged that he previously used invoices bearing the name "New Look" that he submitted to Mr. Bhakta for his work and for materials he purchased for jobs at another hotel. Mr. Beers acknowledged that Mr. Vijay Patel owned the Trinity Inn, and that Mr. Patel told him to come to work on the date of the alleged injury. He also acknowledged that Mr. Patel, rather than Mr. Bhakta, wrote the check for his work at the Trinity Inn. He testified that he did not know whether Pops worked for Mr. Patel or Mr. Bhakta.

Mr. Bhakta testified that he is a general contractor, and that his company, Ram,

---

[1] No transcript of the expedited hearing or statement of the evidence has been filed. We have garnered the factual background from the pleadings, the exhibits introduced at the expedited hearing and the trial court's order entered following the expedited hearing.

reports to its workers' compensation carrier that it has no employees because it uses subcontractors. He testified that Ram provides supervision of work performed by its subcontractors and ensures the timely completion of projects. Mr. Bhakta admitted a previous working relationship with Mr. Beers, and he acknowledged that he hired Mr. Beers to perform work on a pool at the Holiday Inn Express in March or early April 2014. He testified that he became dissatisfied with Mr. Beers' work and terminated his services in September or October 2014.

Mr. Bhakta testified that he was "helping out" Mr. Patel with work at the Trinity Inn because it was Mr. Patel's first construction project. He testified his involvement ended prior to the date that Mr. Beers was injured. A construction permit, issued on November 6, 2014, was introduced that identifies Ram Construction as the Contractor for work "to make interior renovations and re-roof fire damaged hotel 'Trinity Inn.'" Under the signature line, the permit reads "Rajendra Bhakta," but Mr. Patel signed the permit. According to Mr. Bhakta, the permit was for demolition only, and when he learned that other, unauthorized work took place on the site, he contacted the city to stop the work. An identical copy of the permit was introduced that bears the handwritten notation, "Cancell (sic) permits 12-5-15 Rajendra Bhakta."

Mr. Bhakta testified that he did not know Pops and that he did not write any checks to Mr. Beers while Mr. Beers worked at the Trinity Inn. Mr. Bhakta testified that Ram was not the general contractor at Trinity Inn on November 28, 2014, and that Mr. Beers was neither his employee nor his subcontractor on that date.

In rebuttal, Mr. Beers testified that "everything had to go through [Mr. Bhakta]," on the Trinity Inn project, and that Mr. Bhakta summoned him to his office several times to discuss the project.

**Standard of Review**

The standard of review to be applied by the Appeals Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless "the rights of the party seeking review have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A) Violate constitutional or statutory provisions;
(B) Exceed the statutory authority of the workers' compensation judge;
(C) Do not comply with lawful procedure;
(D) Are arbitrary, capricious, characterized by abuse of discretion, or

3

clearly unwarranted exercise of discretion; or

(E) Are not supported by evidence that is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 50-6-217(a)(2) (2014).

In applying the above standard, courts have construed substantial and material evidence to mean "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Clay County Manor, Inc. v. State of Tennessee*, 849 S.W.2d 755, 759 (Tenn. 1993) (*quoting Southern Railway Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984)). Like other courts applying the standard embodied in section 50-6-217(a)(2), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

An appellant bears the burden of showing that the evidence presented in the trial court preponderates against the trial court's findings. *Manufacturers Consol. Service v. Rodell*, 42 S.W.3d 846, 865 (Tenn. Ct. App. 2000) (*citing Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992)). However, "an employee need not prove each and every element of his or her claim by a preponderance of the evidence at an expedited hearing to be entitled to temporary disability or medical benefits, but must instead present evidence sufficient for the trial court to conclude that that the employee would likely prevail at a hearing on the merits in accordance with the express terms of [Tennessee Code Annotated] section 50-6-239(d)(1) (2014)." *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, slip op. at 5 (Tenn. Workers' Comp. Appeals Bd. Mar. 27, 2015).

An appellant also has the burden to ensure that an adequate record is prepared on appeal. As the Supreme Court's Special Workers' Compensation Appeals Panel explained in *Vulcan Materials Co. v. Watson*, No. M2003-00975-WC-R3-CV, 2004 Tenn. LEXIS 451, at *6-7 (Tenn. Workers' Comp. Panel May 19, 2004):

> The appellant has the duty of preparing a record that conveys a fair, accurate and complete account of the proceedings in the trial court with respect to the issues on appeal. Tenn. R. App. P. 24(b). We are provided with only the trial court's findings of facts and conclusions of law rendered from the bench and the exhibits introduced at the trial of this cause, which include three doctor's depositions. We do not have a record of the lay testimony presented to the trial court. In the absence of an adequate record on appeal, this Court must presume the trial court's rulings were supported by sufficient evidence.

4

We have noted in prior opinions addressing appeals of interlocutory orders that including a transcript or statement of the evidence as part of the record on appeal promotes meaningful appellate review and, in turn, public confidence in the integrity and fairness of the process. *See, e.g., Higgins v. Big K Food Market & Liquors, Inc.*, No. 2014-01-0007 (Tenn. Workers' Comp. Appeals Bd. Dec. 8, 2014). "Full appellate consideration of a trial court's determination . . . is part of the process designed to achieve an accurate and just decision . . . ." *In re Adoption of J.D.W.*, No. M2000-00151-COA-R3-CV, 2000 Tenn. App. LEXIS 546, at *12 (Tenn. Ct. App. Aug. 16, 2000). "Without a transcript or a statement of the evidence, the appellate court cannot know what evidence was presented to the trial court, and there is no means by which we can evaluate the appellant's assertion that the evidence did not support the trial court's decision." *Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007). When the review of a trial court's decision is accompanied by a presumption that the findings are correct, "it is essential that the appellate court be provided with a transcript of the trial proceedings or a statement of the evidence . . . ." *Id.* at *7. *See also Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010) ("In cases where no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court."); *Leek for Estate of Lovelace v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1996) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee."). In short, "[a]n incomplete appellate record is fatal to an appeal on the facts," *Piper v. Piper*, No. M2005-02541-COA-R3-CV, 2007 Tenn. App. LEXIS 70, at *11 (Tenn. Ct. App. Feb. 1, 2007), and a reviewing court "must conclusively presume that the evidence presented supported the facts as found by the trial court." *Whitesell v. Moore*, No. M2011-02745-COA-R3-CV, 2012 Tenn. App. LEXIS 894, at *10 Tenn. Ct. App. Dec. 21, 2012).

Tennessee Code Annotated section 50-6-102(11)(A) defines "Employee" to include "every person . . . whether lawfully or unlawfully employed . . . under any contract of hire or apprenticeship, written or implied." Tenn. Code Ann. § 50-6-102(11)(A) (2014). "In order for one to be an employee of another for purposes of our Workers' Compensation Law, it is, therefore, required that there be an express or implied agreement for the alleged employer to remunerate the alleged employee for his services in behalf of the former." *Black v. Dance*, 643 S.W.2d 654, 657 (Tenn. 1982).

Tennessee Code Annotated section 50-6-113(a) provides that "[a] principal contractor, intermediate contractor or subcontractor shall be liable for compensation to any employee injured while in the employ of any of the subcontractors of the principal contractor, intermediate subcontractor or subcontractor and engaged upon the subject matter of the contract to the same extent as the immediate employer." Tenn. Code Ann. §

5

50-6-113(a) (2014).

In the present case, the trial court found that on the date of Mr. Beers' alleged injury he did not work for Ram as a statutory employee. Tennessee Code Annotated section 50-6-239(c)(7) mandates that we presume the trial court's findings and conclusions to be correct, unless the preponderance of the evidence is otherwise. We have been provided with no record of any testimony taken during the expedited hearing. No statement of the evidence was offered by the appellant and, under these circumstances, we must presume that the trial court's rulings were supported by sufficient evidence. *See Manufacturers Consol. Service,* 42 S.W.3d at 865.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's finding that Mr. Beers did not work for Ram as a statutory employee. Accordingly, the trial court's decision is affirmed and the case is remanded for any further proceedings that may be necessary.

**David F. Hensley, Judge**
**Workers' Compensation Appeals Board**

6