FILED

11/15/2018

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 1, 2018

## IN RE CORBIN W.

**Appeal from the Juvenile Court for Shelby County**
**No. BB7804  Dan H. Michael, Judge**

_____

**No. W2018-00608-COA-R3-JV**

_____

This appeal arises from Father's Petition for Custody and/or Visitation with the parties' only child. The juvenile court granted the petition following an evidentiary hearing and established a parenting plan and parenting schedule. Mother appeals contending, *inter alia*, the evidence does not support the court's findings and ultimate rulings. We have determined that both parties' briefs are profoundly deficient. Moreover, because Mother failed to provide a transcript of the evidence or a statement of the evidence, there is a conclusive presumption that there was sufficient evidence before the juvenile court to support its judgment. Accordingly, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which CHARLES D. SUSANO JR. and BRANDON O. GIBSON, JJ., joined.

Jennifer B., Memphis, Tennessee, Pro Se.[1]

Christopher W., Memphis, Tennessee, Pro Se.

_____

[1] This court has a policy of protecting the identity of children by initializing the last names of the parties.

Jennifer B. ("Mother") and Christopher W. ("Father") are the parents of one child, Corbin W., born in September 2015. In December 2015, Mother filed a petition for child support in the Juvenile Court of Memphis and Shelby County, Tennessee. The cause was heard in October 2016, and the court granted Mother's petition, ordering Father to pay child support. Later that month, on October 18, 2016, Father filed a Petition for Custody and/or Visitation, requesting visitation every weekend and on holidays every other year.

The court held a hearing on Father's petition for visitation and entered an order on April 19, 2017, granting Father overnight visitation on the first, third, and fifth weekends of each month, two non-consecutive weeks in the summer, and holidays. Shortly following, Mother filed a Motion to Modify Order, arguing that overnight visitation would be traumatic for the child because Father and Corbin did not have a close relationship. Mother requested daytime visitation that would be gradually increased to overnight visitation to help Corbin adjust to the change.

Mother contemporaneously obtained an ex parte order of protection against Father in the Shelby County General Sessions Court. On May 1, 2017, after being informed of the order of protection, the juvenile court temporarily suspended Father's visitation. Shortly thereafter, Father moved the juvenile court to reinstate his visitation, claiming the temporary order of protection brought against him by Mother was untrue and had been dissolved. In June 2017, the juvenile court entered an order acknowledging that "there are apparently some issues of domestic violence between the parties being litigated in other courts," and modified the May 1 visitation order to allow Father to continue visitation by using the Exchange Club Safe Exchange program.

In December 2017, Father filed a motion for an expedited hearing, alleging Mother failed to follow the court's June 2017 visitation order by not allowing him to see his son since April 23, 2017. The court denied Father's motion, and on February 19, 2018, the court held a hearing on Mother's motion to modify the April 2017 visitation order.

After hearing testimony from the parties, the court ruled that Father had "proven by a preponderance of the evidence that the Petition for Visitation filed in this cause on

---

[2] Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

October 18, 2016 should be sustained." The court found that Mother's allegations that Corbin suffered abuse in Father's care were not credible and not supported by the evidence. The court also found that "there was an incident of domestic violence between the parties … however the mother was arrested and mother was required to complete anger management classes." The court determined that Corbin was safe in Father's care, and it would be in Corbin's best interest to have visitation with Father as provided in the April 2017 order.

This appeal by Mother followed.

## ANALYSIS

Both parties, who are pro se, have filed briefs with this court. While pro se litigants are granted a certain amount of leeway in drafting their briefs, they are not excused from complying with the same substantive and procedural requirements as represented parties, and they may not shift the burden of litigating their case to the courts or their adversaries. *Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003). Here, neither of the briefs are in compliance with the Tennessee Rules of Appellate Procedure or the Rules of the Court of Appeals of Tennessee. In fact, they are profoundly deficient in many respects.

Further complicating our ability to review this appeal is the lack of a transcript of the evidence or a statement of the evidence. The burden is on the appellant, Mother, to provide us with a transcript of the evidence or a statement of the evidence. Tenn. R. App. P. 24(b) & (c); *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992). As discussed, "[t]he absence of either a transcript or a statement of the evidence significantly ties the hands of the appellate court." *Chandler v. Chandler*, No. W2010–01503–COA–R3–CV, 2012 WL 2393698, at *6 (Tenn. Ct. App. June 26, 2012). "Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, . . . an appellate court is precluded from considering the issue." *State v. Ballard*, 855 S.W.2d 557, 560–61 (Tenn. 1993).

Moreover, it is well settled that, "in the absence of a transcript or statement of the evidence, there is a conclusive presumption that there was sufficient evidence before the Trial Court to support its judgment and this Court must therefore affirm the judgment." *Brown v. Christian Bros. Univ.*, 428 S.W.3d 38, 48 (Tenn. Ct. App. 2013) (quoting *Outdoor Mgmt., LLC v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007)). This conclusive presumption applies to the trial court's factual findings concerning proof presented at trial. *In re Estate of Kysor*, No. E2014-02143-COA-R3-CV, 2015 WL 9465332, at *4 (Tenn. Ct. App. Dec. 28, 2015) (citing *In re M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005)). Because Mother, as the appellant, failed to provide either a transcript of the evidence or a statement of the evidence, we must presume the trial court's factual findings concerning proof presented are supported by the evidence. There

being no basis upon which to conclude that the evidence preponderates against the findings of the juvenile court and the rulings based thereon, we affirm the judgment of the juvenile court.

## IN CONCLUSION

The judgment of the juvenile court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant Jennifer B. for which execution may issue.

_____
FRANK G. CLEMENT JR., P.J., M.S.