# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
February 13, 2019 Session

## CANDANCE GOOCH SPIGHT v. DEANGELO M. SPIGHT

**Appeal from the Chancery Court for Madison County**
No. 75462      James F. Butler, Chancellor

_____

### No. W2018-00666-COA-R3-CV
_____

This is an appeal from a final decree of divorce. Father/Appellant appeals the trial court's ruling regarding retroactive child support. The appellate record contains no transcript or statement of the evidence for our review as required by the Tennessee Rules of Appellate Procedure. However, the trial court's order contains an inconsistency regarding the amount of the retroactive child support award. Specifically, the amount of arrears ordered does not comport with the accrual date for arrears listed in the trial court's order. Because there are no findings, to resolve the inconsistency, we vacate the trial court's award of retroactive child support. The trial court's order is otherwise affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part; Vacated in Part and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S. and ARNOLD B. GOLDIN, J., joined.

Deangelo M. Spight, Hickory Valley, Tennessee, pro se.

Candance Gooch Spight, Wildersville, Tennessee, pro se.[1]

---

[1] Ms. Spight did not participate in the appeal.

Candance Gooch Spight ("Mother," or "Appellee") and Deangelo M. Spight ("Father," or "Appellant") were married in June 2007. One child, K.S. ("the Child"), was born to the marriage in December 2010.[3] The parties separated in 2014. On April 13, 2017, Mother filed a Complaint for Divorce with a Proposed Parenting Plan in the Madison County Chancery Court ("trial court"). On September 28, 2017, Father filed a signed, untitled document, which appeared to be a response to Mother's complaint. In the document, Father agreed to the divorce but argued that Mother abandoned the Child and him for a period of time during their separation. Specifically, Father alleged that the Child was in his custody from the date of the parties' separation in 2014 through July 2016, when Mother took the Child from Father.

On October 3, 2017, the trial court heard Mother's complaint for divorce. By order of March 19, 2018, the trial court granted the divorce. As is relevant to this appeal, the trial court incorporated Mother's proposed parenting plan into the final decree ("Parenting Plan"). The Parenting Plan designated Mother as the primary residential parent, giving her 285 days with the Child, and designated Father as the alternative residential parent, giving him 80 days with the Child. The Parenting Plan showed Father's gross monthly income as $1,770.00, and ordered Father to pay $341.00 per month in child support, beginning on October 1, 2017. In the section of the Parenting Plan titled "Child Support," there is a subsection called "Retroactive Support," which provides:

Retroactive Support: A judgment is hereby awarded in the amount of $15,004.00 to [x] mother [ ] father against the child support payor representing retroactive support required under Section 1240-2-4.06 of the D.H.S. Income Shares Child Support Guidelines dating from January 1, 2015 which shall be paid (including pre/post judgment interest) at the rate of $250.07 per [ ] week [x] month [ ] twice per month [ ] every two weeks until judgment is paid in full.

---

[2] Rule 10 of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[3] In cases involving minor children, it is the policy of this Court not to use the full names of the children in order to protect their identities.

On appeal, Father argues that the trial court erred in calculating the child support arrearage. Specifically, Father argues that the Child lived solely with Father from May 2014 through July 2016; accordingly, he argues that he should not be required to pay retroactive support for this period.

From our review, the sole issue on appeal is whether the trial court erred in calculating retroactive child support.

"We review a non-jury case *de novo* upon the record with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise." ***Tennessee Farmers Mut. Ins. Co. v. Debruce***, No. E2017-02078-COA-R3-CV, 2018 WL 3773912, at *3 (Tenn. Ct. App. Aug. 9, 2018) (citing Tenn. R. App. P. 13(d); ***Bowden v. Ward***, 27 S.W.3d 913, 916 (Tenn. 2000)). To the extent that the determination of the issues rests on statutory construction, they present questions of law, which we review *de novo*. ***Riad v. Erie Ins. Exch.***, 436 S.W.3d 256, 272 (Tenn. Ct. App. 2013) (citing ***In re Estate of Tanner***, 295 S.W.3d 610, 613 (Tenn. 2009) (citing ***Gleaves v. Checker Cab Transit Corp.***, 15 S.W.3d 799, 802 (Tenn. 2000)); ***Myint v. Allstate Ins. Co.***, 970 S.W.2d 920, 924 (Tenn. 1998)). The trial court's conclusions of law are reviewed *de novo* and "are accorded no presumption of correctness." ***Brunswick Acceptance Co., LLC v. MEJ, LLC***, 292 S.W.3d 638, 642 (Tenn. 2008).

While we are cognizant that Mr. Spight is proceeding *pro se*, it is well-settled that "*pro se* litigants are held to the same procedural and substantive standards to which lawyers must adhere." ***Brown v. Christian Bros. University***, 428 S.W.3d 38, 46 (Tenn. Ct. App. 2013). While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, ***Hodges v. Tenn. Att'y Gen.***, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000), "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." ***Whitaker v. Whirlpool Corp.***, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). "The burden is [on] the appellant to show that the evidence preponderates against the judgment of the trial court." ***Coakley v. Daniels***, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992) (citing ***Capital City Bank v. Baker***, 442 S.W.2d 259, 266 (Tenn. Ct. App. 1969)).

"The burden is likewise on the appellant to provide the court with a transcript of the evidence or a statement of the evidence from which this Court can determine if the evidence does preponderate for or against the findings of the trial court." ***Id***. The Tennessee Rules of Appellate Procedure place the responsibility for the preparation of the transcript or a statement of evidence on the parties, and the appellant has the primary burden to see that a proper record is prepared and filed in this Court. Tenn. R. App. P. 24; ***McDonald v. Onoh***, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989). If no transcript is available, Tennessee Rule of Appellate Procedure 24 provides:

> If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available . . . the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal.

Tenn. R. App. P. 24(c). Here, the appellate record contains neither a transcript of the hearing nor a Tennessee Rule of Appellate Procedure 24(c) statement of the evidence.

Where the issues on appeal turn on factual determinations, the absence of a transcript or statement of the evidence is essentially fatal to the party having the burden on appeal. *See Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992) (holding that without an appellate record containing the facts, the Court "must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings."); *Baugh v. Moore*, No. M2013-02224-COA-R3-CV, 2015 WL 832589, at *3 (Tenn. Ct. App. Feb. 25, 2015). Without a transcript or statement of the evidence, we have no way to determine whether the evidence was sufficient to support the trial court's findings of fact and its conclusions of law based on those facts. "In the absence of a transcript of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment." *Coakley*, 840 S.W.2d at 370 (citing *McKinney v. Educator and Executive Insurers, Inc.*, 569 S.W.2d 829, 832 (Tenn. App. 1977)); *see also Sherrod*, 849 S.W.2d at 783; *Baugh*, 2015 WL 832589, at *3-4.

In the absence of a transcript or statement of the evidence, this Court would customarily conclude that there was sufficient evidence before the trial court to support its judgment and affirm the judgment. *See Coakley*, 840 S.W.2d at 370. Here, however, the Parenting Plan, which the trial court incorporated into its final order, contains a discrepancy concerning the retroactive child support award. In setting retroactive child support, trial courts are to consider the Tennessee Child Support Guidelines ("the Guidelines"). Tenn. Code Ann. §§ 36-2-311(a)(11)(A), 36-5-101(e)(1)(A). According to the Guidelines, a judgment for retroactive support "must be entered to include an amount of monthly support due up to the date that an order for current support is entered." Tenn. Comp. R. & Regs. 1240-2-4-.06(1) (2008). In setting the amount, the retroactive support is to run from the date:

1. Of separation of the parties in a divorce or in an annulment; or

2. Of abandonment of the child and the remaining spouse by the other parent in such cases; or

3. Of physical custody of the child by a parent or non-parent caretaker.

Tenn. Comp. R. & Regs. 1240-2-4-.06(1)(b)(1) (2008). A trial court may deviate from the Guidelines in cases where "application of the guidelines is rebutted by clear and convincing evidence." Tenn. Code Ann. § 36-2-311(a)(11)(B); *see also* Tenn. Code Ann. § 36-5-101(e)(1)(A); Tenn. Comp. R. & Regs. 1240-2-4-.06(1) (2008). If the trial court deviates from the Guidelines, the statute requires the trial court to make "written findings" to support the deviation. Tenn. Code Ann. §§ 36-2-311(a)(11)(B), (F); *see also* Tenn. Code Ann. §§ 36-5-101(e)(1)(A), (D); Tenn. Comp. R. & Regs. 1240-2-4-.06(2).

As set out above, the trial court ordered $15,004.00 in arrears with the starting date for retroactive child support as January 1, 2015, a date that neither party alleged as the date of separation, nor the date Mother purportedly took the Child from Father. The trial court made no findings concerning either the amount or effective date of arrears, and it is unclear whether the trial court deviated from the Guidelines. Although we have made some calculations of our own, we are still unsure of the trial court's reasoning concerning the retroactive child support award. For example, there are 34 months between January 2015 and October 2017 (the beginning date of Father's prospective child support obligation). If one multiplies 34 by $341.00 (Father's prospective child support amount), the amount of arrearage totals only $11,594.00. However, the trial court awarded $15,004.00 as the amount of retroactive support. From this amount, we discern that the trial court most likely used March 2014, the date listed as the parties' separation date in Mother's complaint for divorce, as the beginning date for retroactive child support. There are 44 months between March 2014 and October 2017. If one multiplies 44 by $341.00, the amount of arrearage totals the $15,004.00 awarded by the trial court. However, this is inconsistent with the trial court's ruling concerning the January 2015 start date for determining arrears. Without a transcript, statement of the evidence, or findings by the trial court, we cannot know whether the trial court meant to enter a judgment for retroactive support dating back to January 2015 or dating back to March 2014, the stated separation date in Mother's complaint. Regardless, the $15,004.00 amount of arrears and the January 1, 2015 date listed as the accrual date for the arrears is inconsistent. The only way to reconcile this inconsistency in the Parenting Plan is to remand the case to the trial court for further proceedings. The trial court may accept additional evidence or conduct additional hearings if in its discretion it believes it is necessary to make the relevant findings. If the trial court determines that Father owes retroactive child support dating back to Mother's alleged date of separation, the trial court will have the opportunity to enter another order making that clear. However, if the trial court determines that clear and convincing evidence exists such that a deviation from the Guidelines is appropriate in this case, the trial court will have an opportunity to make written findings supporting that outcome, as set forth in the statutes and the Guidelines. *See* Tenn. Code Ann. §§ 36-2-311(a)(11)(B), (F); *see also* 36-5-101(e)(1)(D); Tenn. Comp. R. & Regs. 1240-2-4-.06(2).

**Conclusion**

For the foregoing reasons, we affirm the judgment of the trial court with the exception of the retroactive child support judgment, which is vacated and remanded for further proceedings consistent with this opinion. Costs of the appeal are assessed one-half to Appellant, Deangelo M. Spight and his surety, and one-half to Appellee, Candance Gooch Spight, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE