FILED

08/09/2019

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 18, 2019 Session

## SIMEON T. TRENDAFILOV v. WILLIAM E. BITTERMAN

Appeal from the Circuit Court for Knox County
No. 3-151-17      Deborah C. Stevens, Judge

_____

No. E2018-01289-COA-R3-CV

_____

This appeal follows a jury trial in which the plaintiff was awarded $6,500 for damage to his automobile. The plaintiff raises several issues for our consideration. Two of the issues pertain to pretrial evidentiary rulings made by the trial court; however, the plaintiff failed to raise these issues in his motion for new trial. Because the plaintiff failed to raise these issues in his motion for new trial, they are waived under Rule 3 of the Tennessee Rules of Appellate Procedure. The remaining issues concern whether the trial court properly admitted the defendant's valuation evidence at trial and whether the evidence at trial was sufficient to support the jury's verdict. Although the plaintiff raised these issues in his motion for new trial, he failed to provide this court with a transcript of the evidence or a statement of the evidence. Without a fair and accurate record of what transpired at trial, we are unable conduct a review of these issues. Therefore, we affirm the judgment of the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON II, J., joined.

Simeon T. Trendafilov, Fort Walton Beach, Florida, Pro Se.

James C. Cone and Hannah S. Lowe, Knoxville, Tennessee, for the appellee, William E. Bitterman.

### OPINION

On September 12, 2016, William Bitterman ("Defendant") was driving his vehicle down a street in Knoxville, Tennessee, when he collided with a parked and unoccupied 2002 BMW 330 Ci owned by Simeon Trendafilov ("Plaintiff"). In March 2017, Plaintiff had a civil warrant issued against Defendant by the Knox County General Sessions Court

to recover compensatory damages for the repair and loss of use of his car. Plaintiff acted pro se throughout the proceedings below, and Defendant was represented by counsel. After a trial in April 2017, Plaintiff's claim was dismissed with prejudice.[1] Plaintiff perfected an appeal to the Knox County Circuit Court, and Defendant filed a demand for a 12-person jury trial. Defendant acknowledged his liability for the property damage; therefore, the only question for the jury was the proper measure of damages and the amount.

During the discovery process, Plaintiff filed a motion to compel Defendant to provide documents from Defendant's insurance company which would show that the repair of Plaintiff's car was unreasonably delayed due to a disagreement with Defendant's insurance provider. Plaintiff intended to use the documents to prove loss of use damages at trial. Defendant opposed the motion and moved for a protective order on the basis that Defendant's insurance provider's claim file was not discoverable. After a hearing on the matter, the trial court denied Plaintiff's motion to compel, finding that because the action was not a direct action against Defendant's insurance company, the existence of insurance was inadmissible at trial. The court then instructed both Plaintiff and Defendant "not to discuss the Defendant's insurance or the claim handling of the insurance company for any reason."

Defendant then filed a motion in limine, seeking to prevent Plaintiff from presenting evidence of the cost of repair and loss of use of his vehicle. Defendant contended that Plaintiff's claimed cost of repair exceeded the fair market value of the vehicle, which meant the vehicle was not capable of being repaired. Therefore, Defendant argued that the correct measure of damages was the difference between the fair market value of Plaintiff's car immediately before the accident and immediately after the accident. Plaintiff filed a response opposing the motion. After a hearing, the trial court denied the motion, in part, ruling that Plaintiff would be permitted to present evidence at trial of "the before and after value of his motor vehicle" and "the cost of repair, and loss of use." The jury would then determine the correct measure of damages and the amount. However, the court ruled in favor of Defendant, in one respect, by limiting Plaintiff's proof of damages for loss of use "to the value of the use of the vehicle for a reasonable amount of time that would be required to repair the vehicle."

The case was tried before a jury on February 5, 2018, and because Defendant stipulated to his liability, the trial proceeded only on the issue of compensatory damages. After a one-day trial, the jury returned a verdict in favor of Plaintiff for $6,500.

---

[1] In his brief, Defendant claims that Plaintiff first had a civil warrant issued on November 23, 2016, shortly after the accident, but after a trial on February 13, 2017, the general sessions court dismissed Plaintiff's claim without prejudice. However, the civil warrant from November 2016 and the court's subsequent decision are not a part of the record on appeal.

Plaintiff timely filed a motion for new trial, arguing that (1) the NADA valuation of Plaintiff's vehicle introduced into evidence by Defendant was inadmissible hearsay; (2) the testimony of witness, Mark Latham, regarding the repair of the vehicle "was confusing and may have prejudiced the jury;" and (3) the jury's verdict was not supported by the evidence.

First, Plaintiff argued that the NADA valuation was inadmissible hearsay because it was "an unpublished . . . custom valuation . . . obtained through the use of NADA software." Plaintiff conceded that he did not object to the evidence when Defendant introduced it through Plaintiff's witness. Nevertheless, Plaintiff took issue with the fact that the trial court sustained Defendant's objection to the admission of Plaintiff's valuations on the same ground. Plaintiff argued that if Plaintiff's valuations were inadmissible hearsay, then Defendant's valuation was also inadmissible hearsay.

Second, Plaintiff contended that Mark Lantham's testimony that Plaintiff's car was "totaled" was confusing to the jury because it left the jury with the false impression that Plaintiff wanted the vehicle repaired despite the fact that it was totaled. Plaintiff claimed that Mr. Lantham never informed Plaintiff that the vehicle was totaled when Plaintiff asked Mr. Lantham to repair the vehicle. And, finally, Plaintiff argued that the jury award of $6,500 was not supported by the evidence presented at trial under either formula for calculating damages—(1) cost of repair and loss of use or (2) the difference in value of the car before and after the accident.

After a hearing on April 27, 2018, the trial court entered an order denying Plaintiff's motion for new trial, ruling in pertinent part:

> There was conflicting testimony and proof about the fair market value of the vehicle and the cost of repairs . . . . There was competing testimony from the witnesses as to whether the vehicle appreciated in value or depreciated in value. The plaintiff objected at the hearing that the $5,700.00 NADA book value presented at trial by the defendant was not actually a NADA book value; however, the plaintiff did not object to it at trial . . . . Furthermore, the plaintiff's witness, Mark Latham, established a sufficient evidentiary foundation for the NADA pursuant to Rule 803(17), T.R.E., and the Court feels that it did not abuse its discretion in allowing the NADA book value into evidence based on the testimony of the plaintiff's witness . . . . The jury heard testimony and proof at trial regarding the rental value of the plaintiff's vehicle and also heard testimony and saw exhibits regarding towing bills incurred by the plaintiff.

> The Court finds that the jury was told to listen to facts, examine the credibility of witnesses, and was free to accept or reject the testimony of the

witnesses and evaluate the evidence presented at trial. The Court finds that the jury reviewed all of the evidence and the testimony of the witnesses . . . . The Court finds that it is comfortable with its rulings on the admissibility of the testimony and evidence presented at trial.

Finally, the Court, in its role as thirteenth juror, has independently weighed the evidence and testimony presented at trial, and the Court finds that the evidence presented at trial does not preponderate against the jury's verdict awarding the plaintiff $6,500.00. Therefore, the Court finds that the plaintiff's Motion for New Trial should be **DENIED**.

Plaintiff appealed.

## ANALYSIS

Plaintiff raises five issues on appeal, which we have consolidated into four issues and rephrased as follows: Did the trial court err by (1) ruling that any evidence related to Defendant's automobile insurance was inadmissible at trial, (2) limiting Plaintiff's proof of damages for loss of use to the value of the use of the vehicle for the reasonable amount of time required to repair the vehicle, (3) admitting the NADA valuation into evidence, and (4) determining that the evidence was sufficient to support the jury's verdict?[2]

Because Plaintiff is pro se on appeal, he is granted a certain amount of leeway; however, we may not excuse him from complying with the same substantive and

---

[2] Plaintiff phrased the issues as follows:

1. The court erred in not allowing the plaintiff access to evidence of his interactions with the insurance company of the defendant, namely the relevant parts of the claim file, for the purpose of proving additional consequential damages.

2. The court erred in not allowing the plaintiff to present any evidence of his interactions with the insurance company of the defendant, for the purposes of proving additional consequential damages.

3. The court erred in prohibiting the plaintiff and his witnesses from presenting any evidence in the claim for loss of use aside from the value of the use of the vehicle for the reasonable amount of time that would be required to repair the vehicle.

4. The court erred in ruling the same evidence first inadmissible for the plaintiff and then admissible for the defendant during the trial.

5. The court erred in accepting numbers invented by the jury for measuring the amount of damages.

procedural requirements as represented parties or shift the burden of litigating the case to the courts or his adversary. *Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003).

Rule 3(e) of the Tennessee Rules of Appellate Procedure states in relevant part:

[I]n all cases tried by a jury, no issue presented for review shall be predicated **upon error in the admission or exclusion of evidence**, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.

(Emphasis added). Plaintiff only addressed three issues in his motion for new trial: (1) the admissibility of the NADA valuation; (2) the testimony of witness Mark Lantham; and (3) the sufficiency of the evidence. Plaintiff did not ask the court to consider whether it erred in excluding evidence of Defendant's automobile insurance or whether it erred in limiting Plaintiff's evidence concerning the loss of use of his vehicle. Because those issues are predicated upon alleged errors "in the admission or exclusion of evidence," those issues are waived. *See id*.

While Plaintiff did raise the remaining two issues in his motion for new trial, we cannot consider those issues either because we do not have a transcript of the evidence or a statement of the evidence to review. Plaintiff is the appellant here, and the burden is on the appellant to provide us with a transcript of the evidence or a statement of the evidence. Tenn. R. App. P. 24(b) & (c); *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992). "The absence of either a transcript or a statement of the evidence significantly ties the hands of the appellate court." *Chandler v. Chandler*, No. W2010–01503–COA–R3–CV, 2012 WL 2393698, at *6 (Tenn. Ct. App. June 26, 2012). "Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review , . . . an appellate court is precluded from considering the issue." *State v. Ballard*, 855 S.W.2d 557, 560–61 (Tenn. 1993).

## IN CONCLUSION

Therefore, the judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Simeon Trendafilov.

_____
FRANK G. CLEMENT JR., P.J., M.S.